PEOPLE *v.* WOODWARD.

APPEAL AND ERROR—CRIMINAL LAW—INTOXICATING LIQUORS—ORDER
  IN ARREST OF JUDGMENT NOT BASED ON INVALIDITY OF STATUTE
  NOT REVIEWABLE BY PEOPLE—STATUTES.

> Where the validity of the statute upon which the informa-
> tion was based is in no way questioned, Act No. 159, Pub.
> Acts 1917, is not available to the people to review by
> writ of error the order of the circuit judge granting de-
> fendant's motion in arrest of judgment and discharging
> him from custody, made subsequent to his conviction
> of a violation of the liquor law on the ground that his
> conviction was brought about by illegal evidence, the
> officers having entered his home and arrested him and
> seized certain liquor there without either a warrant for
> his arrest or a search warrant to search his house.

Error to Ingham; Wiest (Howard), J. Submitted
June 16, 1921. (Docket No. 104.) Decided July
19, 1921.

Frank Woodward was convicted of violating the
liquor law. From an order granting a motion in
arrest of judgment, and discharging defendant, the
people, under Act No. 159, Pub. Acts 1917, bring
error. Writ dismissed.

*Merlin Wiley,* Attorney General, *J. A Boice,* Prose-
cuting Attorney, and *W. S. Seelye,* Assistant Prose-
cuting Attorney, for the people.

*D. G. F. Warner* and *Frank L. Dodge (John F.
Berry,* of counsel), for appellee.

BIRD, J. An information was filed in the Ingham
circuit court charging defendant with having had un-

lawful possession of a certain quantity of intoxicating liquor on the 30th day of May, 1920. It appeared upon the trial that defendant was arrested while in his own home, and that certain liquor was seized by the officers at the time of making the arrest. Subsequently a motion was made praying for an order quashing the information and for an order requiring the officers to return the liquor to defendant because of its having been seized illegally. When the arrest was made and the liquor seized the officers had no warrant for defendant's arrest nor a search warrant to search his house. This motion was denied. The trial resulted in defendant's conviction. Subsequent to the conviction defendant's counsel filed a motion in arrest of judgment on several grounds. The trial court granted the motion and discharged the defendant. The prosecutor then brought the proceedings to this court by writ of error by virtue of Act No. 159, Pub. Acts 1917. The point is made at the outset by defendant that this case does not come within the provisions of Act No. 159, therefore, the court is without jurisdiction to consider it. The act in question is as follows:

"SECTION 1. A writ of error may be taken by and on behalf of the people of the State of Michigan from any court of record in said State direct to the Supreme Court thereof, in all criminal cases, in the following instances, to-wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded.

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment or information is founded.

"(c) From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy."

It is obvious from the provisions of the act that the legislature contemplated the issuance of a writ of error in behalf of the people only when the indictment was attacked upon the ground of the invalidity or construction of the statute upon which the indictment was based. In the present case the indictment was not attacked and the validity of the statute was in no way questioned. The ground upon which the judgment of conviction was attacked was the fact that the conviction was brought about by evidence illegally obtained. It was shown without question that the officers disobeyed the plain provisions of the statute in obtaining the evidence. Without this illegal evidence there was not sufficient proof to sustain the indictment. By reason of this, we think defendant's point is well taken; that we have no jurisdiction to consider the assignments.

The writ of error will be dismissed.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred. WIEST, J., did not sit.