## PEOPLE *v.* BALLARD.

CRIMINAL LAW—APPEAL AND ERROR—SEARCHES AND SEIZURES—RETURN OF EVIDENCE UNLAWFULLY SEIZED.

In a prosecution for unlawfully having in his possession certain burglars' tools, an order of the trial court for the return to defendant of certain articles listed in the information for the reason that they had been obtained from him by search of his residence without a search warrant, is not reviewable by writ of error under Act No. 159, Pub. Acts 1917, providing for such review when the information is quashed or judgment arrested or directed based "upon the invalidity or construction of the statute upon which such indictment or information is founded," or "from the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy."

Error to Macomb; Dingeman (Harry B.), J., presiding. Submitted October 12, 1922. (Docket No. 154.) Decided November 2, 1922.

Edward Ballard was informed against for having in his possession certain burglars' tools. After a plea of not guilty, on motion of defendant, such tools were ordered returned because obtained by an illegal search. From such order, the people under Act No. 159, Pub. Acts 1917, bring error. Writ dismissed.

*Merlin Wiley,* Attorney General, and *Lynn M. Johnston,* Prosecuting Attorney, for appellant.

*Silas B. Spier, O. Z. Ide,* and *James E. Spier,* for appellee.

SHARPE, J. Defendant was informed against for unlawfully having in his possession certain keys,

locks, wire cutters, nippers and other implements designed for forcing and breaking open dwelling houses. After pleading not guilty, the trial court, on petition therefor, made an order for the return to him of the articles listed in the information, for the reason that possession of them had been obtained by a search of his residence without a search warrant. The prosecuting attorney seeks to review such order by writ of error.

Act No. 159 of the Public Acts of 1917 provides for the issuance of a writ of error by and on behalf of the people of the State to review the proceedings in criminal trials in certain cases. The first two subsections permit such review when the information is quashed, or judgment arrested or directed, based "upon the invalidity or construction of the statute upon which such indictment or information is founded," and the third—

"From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy."

The motion here made was clearly not a special plea in bar. The order entered in no way prevented the prosecuting attorney from proceeding with his proofs. While it deprived him of the right to use certain evidence because unlawfully obtained, it clearly presents no question which we can review on writ of error under this statute.

The writ is dismissed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.