PEOPLE *v.* RAU.

CRIMINAL LAW—APPEAL AND ERROR—SEARCHES AND SEIZURES—RE-
TURN OF EVIDENCE UNLAWFULLY SEIZED.

   In a prosecution for violation of the liquor law, an order
     of the trial court for the return to defendants of certain
     intoxicating liquor, on the ground that the search war-
     rant under which it was seized was void, is not reviewable
     by writ of error under Act No. 159, Pub. Acts 1917.

Error to Macomb; Dingeman (Harry B.), J., pre-
siding.   Submitted October 12, 1922.   (Docket No.
155.)   Decided November 2, 1922.

Elmer W. Rau and Herman Brugger were informed
against for a violation of the liquor law.   After a
plea of not guilty, on motion of defendants, certain
liquor was ordered returned because obtained by an
illegal search.   From such order, the people under
Act No. 159, Pub. Acts 1917, bring error.   Writ dis-
missed.

*Merlin Wiley*, Attorney General, and *Lynn M. John-
ston,* Prosecuting Attorney, for appellant.

*Charles H. Hummrich* and *McClear, Stein & Sar-
baugh (J. Richard Newman,* of counsel), for appellees.

STEERE, J.   Defendants were arrested and bound
over by the committing magistrate for trial in the
circuit court of Macomb county under a complaint
charging them with unlawfully having in possession,
selling, etc., a quantity of intoxicating liquor in viola-
tion of the prohibition law.   Upon their arraignment
in the circuit court under an information charging
them with that offense in proper form they pleaded not

guilty. Their counsel interposed a motion for an order directing return of certain intoxicating liquor taken by defendant under a search warrant claimed on various grounds to be void. The court so ordered. By a writ of error sued out in behalf of the people review and reversal of this order is asked by the prosecution under the provisions of Act No. 159, Pub. Acts 1917.

In *People* v. *Woodward*, 215 Mich. 267, this court had the provisions of that act under consideration and, speaking through Justice BIRD, said:

"It is obvious from the provisions of the act the legislature contemplated the issuance of a writ of error in behalf of the people only when the indictment was attacked upon the ground of the invalidity or construction of the statute upon which the indictment was based."

Neither the information, statute upon which it is based or regularity of the essential steps directly leading up to the trial were attacked in this motion. The order granting it, here sought to be reviewed, only indirectly involved the availability of certain testimony the prosecution desired to introduce upon the trial. Its only bearing upon the progress and trial of the case was in effect an adverse early ruling upon the admission of testimony the prosecution relied on and proposed to introduce. We are of opinion, as said in *People* v. *Ballard, ante,* 500, that the motion upon which the order is based "was clearly not a special plea in bar" under subdivision (*c*), section 1, of the statute upon which the prosecution relies.

Writ dismissed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.