PEOPLE *v.* BRUNDAGE.

DISSENTING OPINION.

O'HARA, and T. E. BRENNAN, JJ.

1. STATUTES—CONSTITUTIONAL LAW—JURISDICTION OF THE SUPREME COURT.

*A statute expressing legislative policy is accorded great weight, but to the extent it purports to limit the appellate jurisdiction of the Supreme Court it is constitutionally infirm (Const 1963, art 6, § 4).*

2. CONSTITUTIONAL LAW—JURISDICTION OF SUPREME COURT—STATUTES.

*The jurisdiction of the Supreme Court is constitutional and can neither be enlarged nor restricted by legislative action (Const 1963, art 6, § 4).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 8] 20 Am Jur 2d, Courts § 91.
[3, 4] 20 Am Jur 2d, Courts § 201.
[5] 4 Am Jur 2d, Appeal and Error § 268.
[6] 16 Am Jur 2d, Constitutional Law § 220.
[7, 9, 10] 38 Am Jur 2d, Gambling §§ 5-9.

3. Appeal and Error—Supreme Court—Court of Appeals.

*The Supreme Court is not bound, in its review of a case, by the disposition of a case by the Court of Appeals, even though the appeal is by the people from a decision in a criminal case that is adverse to the State.*

4. Same—Supreme Court—Jurisdiction—Court of Appeals.

*The Supreme Court declines to exercise its plenary constitutional appellate powers in order to allow a people's appeal from an adverse decision by the Court of Appeals to go to final decision in the Supreme Court in a criminal case in view of settled precedents and legislative expression of policy (CL 1948, § 770.12).*

5. Criminal Law—Appeal by State—Court of Appeals—Supreme Court.

*Decision by Supreme Court that it will not hear an appeal by the State from an adverse judgment in the Court of Appeals in a criminal case does not represent approval of the decision of the Court of Appeals on the merits.*

6. Constitutional Law—Courts—Statutes.

*It is the function of the courts, including the Supreme Court, under the division of power to interpret statute law, not to make it (Const 1963, art 3, § 2).*

7. Lotteries—Statutes—Lack of Definition.

*The Supreme Court finds the present state of the law unclear by reason of lack of precise legislative definition of* lottery *in statute making it a misdemeanor to set up or promote a lottery, in prosecution of a store manager for operation of a lottery (CL 1948, § 750.372).*

Opinion of the Court.

8. Constitutional Law—Jurisdiction of Supreme Court—Court Rules—Criminal Cases.

Appellate jurisdiction of the Supreme Court in a criminal case is conferred by the Constitution and may be exercised, under the present court rules, upon grant of leave to appeal whether the decision of the lower court be in favor of or adverse to the State (Const 1963, art 6, § 4; GCR 1963).

9. Lotteries—Instructions—Consideration.

Instruction by trial court in prosecution for operation of a lottery that adequate consideration existed to find defendant store manager guilty of operating a lottery if the jury found

that one must leave his home to register at the store, have his weekly card punched, and be present for the drawing *held,* proper (CL 1948, § 750.372).

10. Same—Consideration.

Consideration, as an element of lottery operated by defendant store manager, was present where the participant was required to go to the store, sign up, receive a weekly qualification card, each week visit the store and have the card punched on a different day than the day of the drawing, be present on the day of the drawing, and use the registration and weekly qualification card printed and furnished by the store (CL 1948, § 750.372).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Fitzgerald and J. H. Gillis, JJ., reversing Monroe, Weipert (William J., Jr.), J. Submitted May 8, 1968. (Calendar No. 11, Docket No. 51,847.) Decided December 2, 1968.

7 Mich App 364, reversed.

Clayton Brundage was convicted of operating a lottery. Defendant appealed to Court of Appeals. Reversed. The people appeal. Reversed and trial court affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul E. Braunlich,* Prosecuting Attorney, for the people.

*Harry A. Lockwood,* for defendant.

*Amici Curiae:*

Prosecuting Attorneys Association of Michigan, by *Donald L. Reisig,* President, Prosecuting Attorney, Ingham County, and *James R. Ramsey,* Assistant Prosecuting Attorney, Ingham County.

Retail Gasoline Dealers Association of Michigan, Inc., by *Koltys, Miller & Penirian* (*Bethel B. Kelley*, of counsel).

O'Hara, J. (*dissenting*). This is an appeal on leave granted to the people of the State of Michigan from an order of the Court of Appeals which reversed appellee's conviction in the circuit court. He had been charged with the operation of a lottery.

The first question we face is what is the right of appeal by the State in a criminal case from an adverse decision by the Court of Appeals?[1]

There has been no legislative action dealing with the question since the creation of that Court. There is a statute defining the right of appeal by the people. It has been in force for many years and has been the subject of judicial construction.

The statute reads:[2]

"Sec. 12. A writ of error may be taken by and on behalf of the people of the state of Michigan from any court of record in said state direct to the supreme court thereof, in all criminal cases, in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the stat-

---

[1] We have on several occasions granted leave to appeal to the people where conflicts or misinterpretations in decisions in criminal cases have occurred. See, for example, *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Hobdy* (1968), 380 Mich 686; *People* v. *Winegar* (1968), 380 Mich 719.

[2] CL 1948, § 770.12 (Stat Ann 1954 Rev § 28.1109).

ute upon which such indictment or information is
founded;

"(c) From the decision or judgment sustaining a
special plea in bar, when the defendant has not been
put in jeopardy, or from any other order of the
court relative to admission of evidence or proceed-
ings had or made at any time before the defendant
is put in jeopardy."

We feel obligated to point out that as an expres-
sion of legislative policy we accord the statute great
weight.   However, to the extent that it purports to
limit our appellate jurisdiction, it is constitutionally
infirm.   Our appellate jurisdiction is constitutional.
It can neither be enlarged nor restricted by legisla-
tive action.   The Constitution provides:[3]

"The Supreme Court shall have  *  *  *  power
to issue  *  *  *  prerogative and remedial writs;
*and appellate jurisdiction as provided by rules of
the supreme court."*   (Emphasis supplied.)

We construed this article[4] in *Board of Education
of Grand Rapids* v. *State Tax Commission* (1939),
291 Mich 50.   While equally divided in that case as
to the powers of the defendant-commission, the
Court was unanimous in the holding (p 54):

"The power of this court to issue original writs
of certiorari is vested in the Constitution and can-
not be divested by legislative action."

In the foregoing quotation, the Court was speak-
ing for four Justices through Mr. Justice WIEST,
but for the remainder of the Court, Justice NORTH
wrote (p 62):

"For the reason pointed out by Mr. Justice WIEST,
the provision in section 17[5] which purports to bar

---

[3] Const of 1963, art 6, § 4.
[4] Const 1908, art 7, § 4.—REPORTER.
[5] PA 1933, No 62, § 17, as amended by PA 1934 (1st Ex Sess),
No 30 (CL 1948, § 211.217 [Stat Ann 1960 Rev § 7.77]).—REPORTER.

all judicial review of the proceedings before the
State tax commission is void."

So here we are not bound in our review of the dis-
position of the case by the Court of Appeals, even
though the appeal is by the people from a decision
adverse to the State.

However, the limitation upon appeals by the State
has been recognized by this Court for many years.
Obviously, the case precedent does not involve ap-
peal from the Court of Appeals to this Court.
Rather the case arose on appeal from the circuit
court to this Court, after the circuit court had
in legal effect acted as an intermediate court of
appeal.

In *People* v. *Woodward* (1921), 215 Mich 267, p
269:

"It is obvious from the provisions of the act that
the legislature contemplated the issuance of a writ
of error in behalf of the people only when the indict-
ment was attacked upon the ground of the invalidity
or construction of the statute upon which the indict-
ment was based. In the present case the indict-
ment was not attacked and the validity of the statute
was in no way questioned. The ground upon which
the judgment of conviction was attacked was the
fact that the conviction was brought about by the
evidence illegally obtained. It was shown without
question that the officers disobeyed the plain pro-
visions of the statute in obtaining the evidence.
Without this illegal evidence there was not suffi-
cient proof to sustain the indictment. By reason
of this, we think defendant's point is well taken;
that we have no jurisdiction to consider the assign-
ments.

"The writ of error will be dismissed."

*People* v. *Ballard* (1922), 220 Mich 500, followed
*Woodward, supra:*

"Defendant was informed against for unlawfully having in his possession certain keys, locks, wire cutters, nippers and other implements designed for forcing and breaking open dwelling houses. After pleading not guilty, the trial court, on petition therefor, made an order for the return to him of the articles listed in the information, for the reason that possession of them had been obtained by a search of his residence without a search warrant. The prosecuting attorney seeks to review such order by writ of error.

"PA 1917, No 159,[6] provides for the issuance of a writ of error by and on behalf of the people of the State to review the proceedings in criminal trials in certain cases. The first two subsections permit such review when the information is quashed, or judgment arrested or directed, based 'upon the invalidity or construction of the statute upon which such indictment or information is founded,' and the third—

" 'From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy.'

"The motion here made was clearly not a special plea in bar. The order entered in no way prevented the prosecuting attorney from proceeding with his proofs. While it deprived him of the right to use certain evidence because unlawfully obtained, it clearly presents no question which we can review on writ of error under this statute.

"The writ is dismissed."

The holdings were also followed and approved in *People* v. *Rau* (1922), 220 Mich 502, 503:

"Neither the information, statute upon which it is based or regularity of the essential steps directly leading up to the trial were attacked in this motion. The order granting it, here sought to be reviewed,

6 CLS 1922, §§ 15842(1)–15842(3).—REPORTER.

only indirectly involved the availability of certain testimony the prosecution desired to introduce upon the trial. Its only bearing upon the progress and trial of the case was in effect an adverse early ruling upon the admission of testimony the prosecution relied on and proposed to introduce. We are of opinion, as said in *People* v. *Ballard*, 220 Mich 500, that the motion upon which the order is based 'was clearly not a special plea in bar' under subdivision (c), section 1, of the statute upon which the prosecution relies.

"Writ dismissed."

We find no conflict between our holding here and the cited cases. It is to be noted that the Court carefully specified in each case that the people relied on the statute. The appeal herein was addressed to our general constitutional authority in the nature of an application for leave to appeal.

In view of the settled precedent of long standing, and the legislative expression of policy in the statute, we are not disposed to invoke our plenary constitutional appellate powers in order to allow this appeal to go to final decision in this Court. In this case the appellee raised, briefed, and argued the question of our jurisdiction to entertain the appeal. We answer. We have jurisdiction to review any decision of the Court of Appeals. We do not always exercise this jurisdiction in a criminal case where the decision of the Court of Appeals is adverse to the State.

We would not be understood by this decision to approve the language of the Court of Appeals as to the issue on the merits. We do not necessarily accept the interpretation accorded by that Court in our opinion in *ACF Wrigley Stores, Inc.,* v. *Wayne Prosecuting Attorney* (1960), 359 Mich 215.

We also quote with approval the following excerpt from an opinion of the Attorney General. The

opinion was issued pursuant to a request of a member of the legislature. In it the attorney general made the following recommendation in which we join:

"I would therefore recommend that appropriate legislation be enacted clarifying the definition of the term 'lottery' in a manner which would permit prosecution for institution of business promotional schemes *if such is the desire of the legislature.*" (Emphasis supplied.) OAG No. 4562, March 22, 1967, p 35.

We have added our emphasis to make clear that we take no position as to the substantive desirability or nondesirability of such legislation. It is the function of the courts, including this Court under our division of power[7] to interpret statute law, not to make it. We do find the present state of our law unclear by reason of lack of precise legislative definition of "lottery." We trust our coequal branch will speak out with clarity in relation thereto.

The order granting the application for leave to appeal should be vacated.

T. E. BRENNAN, J., concurred with O'HARA, J.

ADAMS, J. I agree with Justice O'HARA that by virtue of article 6, § 4, Constitution of 1963, the Supreme Court has appellate jurisdiction in criminal cases. Under our present Court Rules (GCR 1963), jurisdiction may be exercised in a given case upon grant of leave whether the decision of a lower court be in favor of or adverse to the State.

I disagree with Justice O'HARA as to the proposed disposition of this case for the reason that the Court of Appeals erred in reversing the trial court. For

---

[7] See Const 1963, art 3, § 2.—REPORTER.

the facts in this case, see *People* v. *Brundage* (1967), 7 Mich App 364. The trial judge correctly charged the jury as to the element of consideration in connection with a lottery.* This Court stretched almost to the breaking point a permissible finding of absence of consideration by its approval of such a finding by the trial court upon the facts in *ACF Wrigley Stores, Inc.,* v. *Wayne Prosecuting Attorney* (1960), 359 Mich 215. *Wrigley* distinguished earlier decisions of this Court upon the basis that "each of these cases required the participants' presence, either in the theater or in the immediate vicinity" (p 223).

The acts required in this case, including presence of a participant in the store twice weekly, were ample to provide the element of consideration. A participant was required (a) to go to the store, sign up, receive a weekly qualification card and each week visit the store and have the card punched if he wished to participate in that week's drawing; (b) to have his weekly qualification card punched a different day from the day of the drawing; (c) to be present on the day of the drawing; (d) to use the registration and weekly qualification card printed and furnished by the store. (He could not make up or prepare his own.)

I would reverse the Court of Appeals and affirm the trial court.

DETHMERS, C. J., and T. M. KAVANAGH, J., concurred with ADAMS, J.

KELLY and BLACK, JJ., took no part in the decision of this case.

---

* See 7 Mich App 364, 370.—REPORTER.