PEOPLE v BLACHURA

OPINION OF THE COURT

1. COURTS—SUPREME COURT—APPEAL AND ERROR—COURT OF APPEALS
   —JURISDICTION—CONSTITUTIONAL LAW—COURT RULES.

   A section of an article of the Michigan Constitution which pro-
   vides that "[t]he supreme court shall have general superintend-
   ing control over all courts; power to issue, hear and determine
   prerogative and remedial writs; and appellate jurisdiction as
   provided by rules of the supreme court" does not purport to
   authorize the Supreme Court to provide rules concerning juris-
   diction of the Court of Appeals (Const 1963, art 6, § 4).

2. CONSTITUTIONAL LAW—CONSTRUCTION.

   Two basic rules of constitutional construction are (1) every state-
   ment in a state constitution must be interpreted in the light of
   the whole document and (2) because fundamental constitutional
   principles are of equal dignity, none must be so construed as to
   nullify or substantially impair another.

3. COURTS—SUPREME COURT—APPEAL AND ERROR—COURT RULES—
   COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL LAW.

   A section of an article of the Michigan Constitution which pro-
   vides in part that "[t]he supreme court shall have general
   superintending control over all courts; power to issue, hear and
   determine prerogative and remedial writs; and appellate juris-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 16–18] 4 Am Jur 2d, Appeal and Error § 4 et seq.
  20 Am Jur 2d, Courts §§ 28, 98, 99.
[2] 16 Am Jur 2d, Constitutional Law §§ 58, 59.
[4] 20 Am Jur 2d, Courts §§ 108, 113–115, 129.
[5, 6, 9, 12] 4 Am Jur 2d, Appeal and Error § 172.
[7, 11] 4 Am Jur 2d, Appeal and Error §§ 167, 702, 873, 874.
[8] 4 Am Jur 2d, Appeal and Error §§ 47, 58–60.
[10] 4 Am Jur 2d, Appeal and Error §§ 963–965, 969.
  58 Am Jur 2d, New Trial § 158.
[13] 4 Am Jur 2d, Appeal and Error §§ 6, 172.
[14, 15] 4 Am Jur 2d, Appeal and Error § 268.
[19, 20] 5 Am Jur 2d, Appeal and Error § 702 et seq.

diction as provided by rules of the supreme court" must apply to the appellate jurisdiction of the Supreme Court, concerning which it may promulgate rules, if that section and another section of that article which provides "[t]he jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court" are not to be in conflict, the latter section plainly applies to the Court of Appeals and just as plainly states that jurisdiction therein shall be provided by law (Const 1963, art 6, §§ 4, 10).

4. CRIMINAL LAW—COURTS—SUPREME COURT—APPEAL AND ERROR—PROCEDURE—COURT OF APPEALS—JURISDICTION—STATUTES.

Statute providing in part that "[a] writ of error may be taken by and on behalf of the people of the State of Michigan from any court of record in said state direct to the supreme court thereof, in all criminal cases" in certain instances is now inapplicable to procedure in the Supreme Court and should not be judicially rewritten so as to limit jurisdiction in the Court of Appeals (MCLA 770.12).

5. COURTS—COURT OF APPEALS—APPEAL AND ERROR—JUDGMENT—JURISDICTION—APPEAL BY PEOPLE—STATUTES—COURT RULES.

A statute and a subsection of a court rule give the Michigan Court of Appeals jurisdiction on appeals from all final judgments of the circuit courts and this obviously does not restrict the right of the people to appeal (MCLA 600.308; GCR 1963, 801.3).

6. COURTS—COURT OF APPEALS—APPEAL AND ERROR—JUDGMENT—ORDERS—JURISDICTION—APPEAL BY PEOPLE—COURT RULES.

A subsection of a court rule says, in part, that in all cases "an aggrieved party shall have a right to appeal from all final judgments or final orders from the circuit courts * * * " and this obviously does not restrict the right of the people to appeal (GCR 1963, 806.1).

7. CRIMINAL LAW—APPEAL AND ERROR—APPEAL BY PEOPLE—COURT RULES—CONSTITUTIONAL LAW—DOUBLE JEOPARDY.

A conflict between a court rule which provides the people's right to appeal and a constitutional protection afforded an individual in a criminal prosecution generally should be resolved in favor of the latter; however, leave to appeal may not be granted if the defendant's right against double jeopardy would be violated thereby (Const 1963, art 1, § 20; GCR 1963, 806.1).

8. COURTS—COURT OF APPEALS—APPEAL AND ERROR—INTERLOCUTORY
JUDGMENT—INTERLOCUTORY ORDERS—APPEAL BY LEAVE—JURIS-
DICTION—APPEAL BY PEOPLE—COURT RULES.

A subsection of a court rule gives the Michigan Court of Appeals
the discretion to grant leave from any "judgment, order, act or
failure to act by the circuit courts * * * which is not a final
judgment appealable as of right" and this obviously does not
restrict the right of the people to seek leave to appeal (GCR
1963, 806.2[2]).

9. CRIMINAL LAW—COURTS—SUPREME COURT—APPEAL AND ERROR—
JURISDICTION—STATUTES.

Statute providing for the taking of a writ of error by the people
in criminal cases from a court of record direct to the Supreme
Court constitutionally cannot and does not restrict the jurisdic-
tion of the Michigan Supreme Court (MCLA 770.12).

10. CRIMINAL LAW—COURT OF APPEALS—APPEAL AND ERROR—APPEAL
BY LEAVE—APPEAL BY PEOPLE—NEW TRIAL.

Michigan Court of Appeals grant of leave to appeal to the people
from a circuit court order granting a new trial as to two counts
of perjury and dismissing with prejudice three other perjury
counts should be affirmed.

OPINION CONCURRING IN PART AND DISSENTING IN PART

T. M. KAVANAGH, C. J., and T. G. KAVANAGH and LEVIN, JJ.

11. CRIMINAL LAW—NEW TRIAL—DISMISSAL OF COUNTS—APPEAL AND
ERROR—APPEAL BY PEOPLE—JEOPARDY—STATUTES.

*So much of a circuit court order as grants a new trial on two
counts is not appealable by the prosecutor, but so much of the
order as dismisses three other counts of the indictment is so
appealable as an order "relative to * * * proceedings had or
made at any time before the defendant is put in jeopardy"
(MCLA 770.12).*

12. CRIMINAL LAW—APPEAL AND ERROR—STATUTES—APPEAL BY PEO-
PLE—COURT OF APPEALS—JURISDICTION—COURT RULES.

*Statute providing for prosecutor appeals has not been superseded
by a statute, providing in part that the Court of Appeals has
jurisdiction on appeals from all final judgments from the circuit
courts and such other judgments or interlocutory orders as the
Supreme Court may by rule determine, and by court rules, one
of which merely reiterates that statutorily prescribed jurisdic-
tion and others which provide that in all criminal and civil
matters an aggrieved party shall have a right to appeal from*

*all final judgments or final orders from the circuit court and that the Court of Appeals may grant leave to appeal from any judgment, order, act or failure to act by the circuit courts, which is not a final judgment appealable as of right (MCLA 600.308, 770.12; GCR 1963, 801.1, 806.2, 806.3).*

13. COURTS—COURT OF APPEALS—JURISDICTION—LEGISLATURE—STATUTES—CONSTITUTIONAL LAW—APPEAL AND ERROR—APPEAL BY PEOPLE.

*The Legislature did not thoughtlessly eliminate the traditional distinction between prosecutor and defendant appeals in establishing the jurisdiction of the new Court of Appeals in a statute added after the 1963 Constitution was adopted; it meant only to establish the jurisdiction of this new intermediate appellate court, including implementation of the new right of the accused in a criminal prosecution to "have an appeal as a matter of right" (Const 1963, art 1, § 20; MCLA 600.308).*

14. CRIMINAL LAW—SUPREME COURT—COURT RULES—APPEAL AND ERROR—APPEAL BY PEOPLE.

*Michigan Supreme Court did not intend, in adopting a court rule, to authorize prosecutor appeals except as theretofore recognized, even though the rule could be read as permitting the prosecutor to appeal from any final judgment or order as a matter of right and from any other judgment, order, act or failure to act upon leave granted (GCR 1963, 806).*

15. CRIMINAL LAW—APPEAL AND ERROR—APPEAL BY PEOPLE—PLEA IN BAR—EVIDENCE—JEOPARDY.

*A prosecutor may appeal from a wide variety of orders, those sustaining a special plea in bar, relative to admission of evidence, and relative to proceedings had or made; all subject to the limitation that the order was entered at a time before defendant is put in jeopardy; the Legislature intended to make possible prosecutor appeals from almost any kind of order entered before the defendant is put to trial before the trier of fact, but not to allow appeals from rulings made during the course of trial (MCLA 770.12).*

16. COURTS—SUPREME COURT—COURT OF APPEALS—JURISDICTION—APPEAL AND ERROR—CONSTITUTIONAL LAW.

*Michigan Supreme Court does indeed have the power under Michigan's Constitution to entertain an appeal to that Court from any order entered by any other court as the Constitution provides that the Supreme Court shall have "appellate jurisdiction as provided by rules of the Supreme Court"; however, this*

provision granting the Supreme Court plenary control of its appellate jurisdiction does not confer on that Court the power to control the jurisdiction of the Court of Appeals (Const 1963, art 6, § 4).

17. Courts—Jurisdiction—Court of Appeals—Supreme Court—Court Rules—Practice and Procedure—Constitutional Law.

The Michigan Constitution provides that the jurisdiction of the Court of Appeals shall be provided by the Legislature and the Michigan Supreme Court is constitutionally authorized in this regard to prescribe rules only as to "the practice and procedure" in the Court of Appeals (Const 1963, art 6, § 10).

18. Courts—Jurisdiction—Statutes—Court of Appeals—Supreme Court—Constitutional Law—Court Rules—Appeal by People.

Statute, providing in part that the Court of Appeals has jurisdiction on appeals from "[s]uch other judgments or interlocutory orders as the supreme court may by rule determine", should be construed as authorizing the Supreme Court to provide by rule for prosecutor appeals to the Court of Appeals and as granting the Supreme Court the power to expand the scope of prosecutorial appeal beyond that set forth in a statute (MCLA 600.308, 770.12).

19. Criminal Law—Appeal and Error—Appeal by People—Statutes—Superintending Control.

A prosecutor is not without recourse if before, during or after trial a judge enters an order allegedly erroneous which is not appealable, although the scope of prosecutorial appeal has not been expanded by statute or court rule beyond the cases delineated in the Code of Criminal Procedure because he can institute an action for superintending control (MCLA 770.12).

20. Courts—Supreme Court—Court of Appeals—Superintending Control.

Michigan Supreme Court has, by a court rule, delegated to the Michigan Court of Appeals the power to issue writs of superintending control in respect of a particular error in an actual case and controversy (GCR 1963, 711.4).

Appeal from Court of Appeals, Division 2, Danhof, P. J., and Quinn and McGregor, JJ., granting leave to appeal from Oakland, Arthur E. Moore, J.

Submitted May 9, 1973. (No. 6 May Term 1973, Docket No. 54,133.) Decided November 20, 1973.

Leon Blachura was convicted on five of six counts of perjury. New trial granted on two counts and the remaining three dismissed with prejudice. The people appealed to the Court of Appeals on leave granted. Defendant appeals. Order granting leave to appeal to the Court of Appeals affirmed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfrom,* Assistant Prosecuting Attorney, for the people.

*Zemke & Lustig, P. C.,* for defendant.

M. S. COLEMAN, J. Plaintiff was called before an Oakland County grand jury. As a result of his testimony he was indicted on six counts of perjury. The jury trial ended with defendant being convicted on five counts.

In his motion for a new trial, defendant said that he had been denied the right to have counsel present during his examination before the grand jury. The circuit judge agreed finding such denial to be a violation of constitutional and statutory rights. A new trial was ordered as to two counts and the remaining three were dismissed with prejudice.

The prosecutor sought and was granted emergency leave to appeal by the Court of Appeals. Defendant was granted leave to appeal this decision of the Court of Appeals. In his own words, defendant "is appealing only the narrow issue of

whether or not the Court of Appeals has jurisdiction" in this matter.

The resolution of the issue in this case requires an interpretation and meshing of various constitutional and statutory provisions in conjunction with the 1963 General Court Rules.

The matter is a case of first impression as to this Court.

### Constitution

As all else herein flows from an interpretation of two sections of the 1963 Const, we begin with that aspect of the problem.

Art 6, § 4 provides in full:

"The supreme court shall have general superintending control over all courts; power to issue, hear and determine prerogative and remedial writs; and appellate jurisdiction as provided by rules of the supreme court. The supreme court shall not have the power to remove a judge."[1]

The full text of art 6, § 10 is:

"The jurisdiction of the court of appeals shall be

---

[1] Appellee argues the applicability of § 4 to review by the Court of Appeals and cites *People v Brundage,* 381 Mich 399; 162 NW2d 659 (1968). The case itself concerned appeal to the Supreme Court. Reference is made to the remarks of Justice O'HARA, who said,

"[T]o the extent that [MCLA 770.12; MSA 28.1109] purports to limit our appellate jurisdiction it is constitutionally infirm. Our appellate jurisdiction is constitutional. It can neither be enlarged nor restricted by legislative action." (p 403.)

Justice ADAMS, writing for the majority, agreed, saying

"I agree with Justice O'HARA that by virtue of article 6, § 4, Constitution of 1963, the Supreme Court has appellate jurisdiction in criminal cases. Under our present Court Rules (GCR 1963), jurisdiction may be exercised in a given case upon grant of leave whether the decision of a lower court be in favor of or adverse to the State." (p 407.)

Although this Court affirms the constitutional thrust of *Brundage,* we do not agree that art 6, § 4 purports to authorize the Supreme Court to provide rules concerning jurisdiction of the Court of Appeals.

provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court."

Of primary importance are two basic rules of constitutional construction.

1. Every statement in a state constitution must be interpreted in the light of the whole document.

2. Because fundamental constitutional principles are of equal dignity, none must be so construed as to nullify or substantially impair another.

If art 6, § 4 and § 10 are not to be in conflict, § 4 must apply to the appellate jurisdiction of the Supreme Court, concerning which it may promulgate rules. Section 10 plainly applies to the Court of Appeals and just as plainly states that jurisdiction therein shall be provided by law.

We, therefore, look to the statutes to determine appellate jurisdiction in this matter.

*Statutes*

Two statutes are argued as being in conflict.

A statute last amended in 1942 is quoted often in argument. MCLA 770.12, MSA 28.1109 provides in part:

"A writ of error may be taken by and on behalf of the people of the state of Michigan from any court of record in said state direct to the supreme court thereof, in all criminal cases in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded."

This statute was passed and last amended long

before the 1963 Const became effective bringing with it a new court, the Court of Appeals.

Defendant argues that this provision explicitly limits the matters which the prosecution may bring for review to the Court of Appeals. He contends that the quashing of the three counts was not "based upon the invalidity or construction of the statute" but upon constitutional grounds. (Actually, it was on both grounds.) The prosecutor implies that this statute is outdated and superseded by art 6, § 10 of the 1963 Const and by the statute set forth in MCLA 600.308; MSA 27A.308 which provides in full:

"The court of appeals has jurisdiction on appeals from:

"(1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals.

"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine."

(The two statutes set forth above will hereinafter be referred to as 770.12 and 600.308.)

It is pertinent to this analysis to note that 770.12 was last amended in 1942, long before the new constitution established the Court of Appeals and therein directed that its jurisdiction should be established by law.

600.308 was written pursuant to that constitutional direction. GCR 1963, 801, also adopted pursuant to the new constitution, provides § 3 which

is headed "Statutory Jurisdiction of Court of Appeals" and repeats the language of 600.308. It refers to *all* final judgments.

770.12, on the other hand, predated the 1963 Const and was addressed to old writs of error coming before the Supreme Court. It cannot logically be said that 770.12 is the answer to the constitutional directive to establish, by law, jurisdiction of the Court of Appeals. This Court finds inapplicable the cases decided by the Court prior to the existence of the Court of Appeals[2] and relied upon heavily by defendant. We do not believe this provision, now inapplicable to procedure in this Court, should be judicially rewritten so as to limit jurisdiction in the Court of Appeals.

---

[2] This Court in *People v Ballots,* 252 Mich 282; 233 NW 229 (1930) faced

"the question of whether review by writ of error can be had by the people in this case. Without statutory authorization the people cannot review a criminal case by writ of error."

The statute under consideration was the predecessor to 770.12. Defendant had been convicted in justice court and on appeal the circuit court quashed the complaint. Our Court concluded at 284:

"Clearly, review by the people in this case does not come within the mentioned statute, for decision in the circuit court was not based upon the invalidity or construction of the ordinance upon which the complaint was founded.

"We have no jurisdiction. The writ of error is dismissed."

Similar results were reached in *People v Ballard,* 220 Mich 500; 190 NW 242 (1922) and *People v Rau,* 220 Mich 502; 190 NW 243 (1922).

In *People v Woodward,* 215 Mich 267; 183 NW 901 (1921), the Court said at 269:

"It is obvious from the provisions of the act that the legislature contemplated the issuance of a writ of error in behalf of the people only when the indictment was attacked upon the ground of the invalidity or construction of the statute upon which the indictment was based. In the present case the indictment was not attacked and the validity of the statute was in no way questioned. The ground upon which the judgment of conviction was attacked was the fact that the conviction was brought about by evidence illegally obtained. It was shown without question that the officers disobeyed the plain provisions of the statute in obtaining the evidence. Without this illegal evidence there was not sufficient proof to sustain the indictment. By reason of this, we think defendant's point is well taken; that we have no jurisdiction to consider the assignments."

MCLA 600.308 and GCR 1963, 801.3 give the
Court of Appeals jurisdiction on appeals from all
final judgments of the circuit courts. This obvi-
ously does not restrict the right of the people to
appeal. GCR 1963, 806.1 says, in part, that in all
cases "an aggrieved party shall have a right to
appeal from all final judgments or final orders
from the circuit courts * * * ." This obviously
does not restrict the right of the people to appeal.[3]
GCR 1963, 806.2(2) gives the Court of Appeals the
discretion to grant leave from any "judgment,
order, act or failure to act by the circuit courts
* * * which is not a final judgment appealable as
of right." This obviously does not restrict the right
of the people to seek leave to appeal.

We are aware that GCR 1963, 801.1 says that
when "review by the Supreme Court * * * is
authorized by law, review shall be had by appeal
to the Court of Appeals * * * ." Some argue that
this provision renders 770.12 applicable to the
lower court. We have expressed our belief that
770.12 constitutionally cannot and does not re-
strict our jurisdiction. Such review is, therefore,
not authorized by law as required by the rule.
GCR 1963, 801.1 also "refers only to the court and
method of review and does not restrict, enlarge or
change the right or scope of review provided by
law, except as explicitly set out in these rules."
The right and scope of review in the Court of
Appeals is set down in the constitution and such
legislation and court rules as were enacted pursu-

---

[3] It should be well noted that the people's ability to appeal as of
right is not given the constitutional backing that Const 1963, art 1,
§ 20 affords the accused in a criminal prosecution. The people's right
is provided by court rule. A conflict between such rule and a constitu-
tional protection afforded an individual in a criminal prosecution
generally should be resolved in favor of the latter. We know, however,
that leave may not be granted if the defendant's right against double
jeopardy would be violated thereby.

ant to it. We conclude that a statute referring to Supreme Court review and dealing with a now obsolete court structure and using terms of art alien to many modern practitioners should not be viewed as the type of statute envisioned by the drafters of GCR 1963, 801.1. Indeed the contrary must be concluded by the wording of 801.3.

## Summary

Art 6, § 10 provides that the jurisdiction of the Court of Appeals be established by law. Pursuant to this directive the statute set forth in 600.308 was enacted providing in part for Court of Appeals jurisdiction over "all final judgments". Thereafter, GCR 1963, 801.3 recognized 600.308 as the statute setting forth the jurisdiction of the Court of Appeals by incorporating the statutory language and designating that section as "Statutory Jurisdiction of Court of Appeals."

We conclude that traditional legal reasoning and a common-sense construction of the constitutional provisions, statutes and court rules result in affirming the Court of Appeals' grant of leave to appeal in this case. We remand for a hearing on the merits.

T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with M. S. COLEMAN, J.

LEVIN, J. *(concurring in part and dissenting in part)*. The Court of Appeals granted the prosecutor's application for leave to appeal from an order entered on defendant Blachura's motion for a new trial following his conviction by a jury.

The order so appealed provides:

"IT IS HEREBY ORDERED that the defendant be and hereby is granted a new trial herein.

"IT IS FURTHER ORDERED that Counts IV, V, and VI are quashed and dismissed with prejudice (defendant herein having heretofore been acquitted on Count III), and

"IT IS FURTHER ORDERED that the defendant proceed to trial only upon Counts I and II."

We are of the opinion that so much of the order as grants a new trial on Counts I and II is not appealable to the Court of Appeals, but so much of the order as dismisses Counts IV, V and VI of the indictment is so appealable as an order "relative to * * * proceedings had or made at any time before the defendant is put in jeopardy." MCLA 770.12; MSA 28.1109.[1]

We do not agree that MCLA 770.12; MSA 28.1109, providing for prosecutor appeals, has been superseded by MCLA 600.308; MSA 27A.308 and GCR 1963, 801.3, 806.1, 806.2.

I

The Constitution provides that "[t]he jurisdiction

---

[1] "Sec. 12. A writ of error may be taken by and on behalf of the people of the state of Michigan from any court of record in said state direct to the supreme court thereof, in all criminal cases, in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(c) From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from any other order of the court relative to admission of evidence or proceedings had or made at any time before the defendant is put in jeopardy.

"The right of the defendant to bail upon issuance of a writ of error under the provisions of this section shall be governed by the provisions of chapter 5 of this act." MCLA 770.12; MSA 28.1109.

of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." Const 1963, art 6, § 10.

Pursuant to this constitutional provision, the Legislature has provided (RJA § 308):

"The court of appeals has jurisdiction on appeals from:
"(1) All final judgments from the circuit courts * * *
"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine." MCLA 600.308; MSA 27A.308.

GCR 1963, 801.3 merely reiterates that statutorily prescribed jurisdiction of the Court of Appeals and, accordingly, adds nothing.

GCR 1963, 806 provides:

".1 Appeal as of Right. In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments or final orders from the circuit courts * * *
".2 Appeal by Leave. The Court of Appeals may grant leave to appeal from: * * *
"(2) Any judgment, order, act or failure to act by the circuit courts * * * , which is not a final judgment appealable as of right."

## II

Although literally RJA § 308 and Rule 806 can be read as conferring on the prosecutor a right of appeal from any final judgment, such a construction is at odds with the entire history of prosecutor appeals both in this jurisdiction and elsewhere.

In establishing the jurisdiction of the new Court of Appeals in RJA § 308 (added to the Revised Judicature Act after the 1963 Constitution was

adopted [1964 PA 281]), the Legislature did not thoughtlessly eliminate the traditional distinction between prosecutor and defendant appeals. It meant only to establish the jurisdiction of this new intermediate appellate court, including implementation of the new right of the accused in a criminal prosecution to "have an appeal as a matter of right". Const 1963, art 1, § 20.

Parenthetically, if the prosecutor may appeal a "final judgment" under RJA § 308(1), his appeal is not on leave granted but as a matter of right. The very same Revised Judicature Act which provides that the Court of Appeals has jurisdiction on appeals from final judgments goes on to provide that "[a]ll appeals to the Court of Appeals from final judgments or decisions permitted by this act shall be a matter of right." MCLA 600.309; MSA 27A.309.

Nor did this Court, any more so than the Legislature, intend in adopting Rule 806 to authorize prosecutor appeals except as theretofore recognized, even though Rule 806 could be read as permitting the prosecutor to appeal any final judgment or order as a matter of right and any other judgment, order, act or failure to act upon leave granted.

Until today no one—including prosecutors—has ever suggested that the Court of Appeals may entertain an appeal by a prosecutor from every final judgment and, inferentially, from every other judgment, order, act or failure to act.

III

The Michigan Legislature has gone further than

most, but not as far as others, in granting prosecutors access to the appellate process.[2]

In 1917 it was provided that a writ of error might be taken to this Court from certain orders "based upon the invalidity or construction of [a] statute." 1917 PA 159. This language was incorporated in the Code of Criminal Procedure (1927 PA 175, ch X, § 12; 1929 CL 17366) and has been carried forward to the present without substantive change. In 1941 this provision of the Code of Criminal Procedure was amended by adding the following language, which, together with the for-

---

[2] The subject of prosecutor appeals is discussed in some detail in Standards Relating to Criminal Appeals, § 1.4, American Bar Association Project on Minimum Standards for Criminal Justice. It appears that some states permit no appeal by a prosecutor, while others permit the prosecutor to appeal just as the defendant except following a judgment of acquittal. Still others take an intermediate position, similar to that expressed in the recommended standard which permits appeals in many of the same situations as does our MCLA § 770.12; MSA 28.1109, viz.:

"1.4 Prosecution appeals.

"(a) The prosecution should be permitted to appeal in the following situations:

"(i) from judgments dismissing an indictment or information on substantive grounds, such as the unconstitutionality of the statute under which the charge was brought, or for failure of the charging instrument to state an offense under the statute;

"(ii) from other pretrial orders that terminate the prosecution, such as upholding the defenses of double jeopardy, autrefois convict, autrefois acquit, or denial of speedy trial;

"(iii) from pretrial orders that seriously impede, although they do not technically foreclose, prosecution, such as orders granting pretrial motions to suppress evidence or pretrial motions to have confessions declared involuntary and inadmissible.

"Such judgments are likely to rest upon principles that ought to be clearly and uniformly applied throughout the state.

"(b) Where more than one level of appellate review is provided, the prosecution should be permitted to seek further review in the highest court whenever an intermediate court has ruled in favor of a defendant-appellant.

"(c) In an appeal at the instance of the prosecution, special provision should be made as to the custody of the defendant. A defendant should not be denied liberty pending determination of such an appeal unless there is cogent evidence that he will not abide by the judgment of the appellate court."

mer language, is now MCLA 770.12; MSA 28.1109
(see fn 1):

"(c) From the decision or judgment sustaining a spe-
cial plea in bar, when the defendant has not been put
in jeopardy, or from any other order of the court
relative to admission of evidence or proceedings had or
made at any time before the defendant is put in jeop-
ardy."

Under the 1941 amendment a prosecutor may
appeal from a wide variety of orders, those
   —"sustaining a special plea in bar";
   —"relative to admission of evidence";
   —"relative to * * * proceedings had or made";
all subject to the limitation that the order was
entered at a time "before the defendant is put in
jeopardy", *i.e.,* before he is put to trial before the
trier of fact.

It is apparent that the Legislature intended to
make possible prosecutor appeals from almost any
kind of order entered before the defendant is put
to trial before the trier of fact, but not to allow
appeals from rulings made during the course of
trial. Whether this was out of concern that a trial
already in progress might be delayed or that an
appeal might give rise to a successful double jeop-
ardy defense is unclear but, whatever the reason,
that was the balance the Legislature chose to
strike in expanding the scope of prosecutorial
appeal.

In this case the circuit judge has granted the
defendant a new trial. Under MCLA 770.12; MSA
28.1109 that is not an appealable order; in most
jurisdictions such an order is not appealable. How-
ever, since there is going to be a new trial and the
defendant has not as yet been put in jeopardy in

regard to the new trial, we would read the order
as if the judge had granted a new trial and then
dismissed Counts IV through VI, thereby making
the dismissal portion of the order an order "rela-
tive to * * * proceedings had or made at any time
before the defendant is put in jeopardy."

## IV

This Court does indeed have the power under
Michigan's Constitution to entertain an appeal *to
this Court* from any order entered by any other
court as the Constitution provides that the Su-
preme Court shall have "appellate jurisdiction as
provided by rules of the Supreme Court." Const
1963, art 6, § 4. However, this provision granting
this Court plenary control of *its* appellate jurisdic-
tion does not confer on us the power to control the
jurisdiction of the Court of Appeals. The Constitu-
tion provides, rather, as previously mentioned,
that the jurisdiction of the Court of Appeals "shall
be provided by law"; *i.e.,* by the Legislature (Const
1963, art 6, § 10). This Court is constitutionally
authorized in this regard to prescribe rules only as
to "the practice and procedure" in the Court of
Appeals. Const 1963, art 6, § 10.

We would, however, construe the statute estab-
lishing the jurisdiction of the Court of Appeals,
RJA § 308, "[s]uch other judgments or interlocu-
tory orders as the supreme court may by rule
determine," as authorizing this Court to provide
by rule for prosecutor appeals to the Court of
Appeals and, thus, as granting this Court the
power to expand the scope of prosecutorial appeal
beyond that set forth in MCLA 770.12; MSA
28.1109. We have not as yet exercised that power.

## V

While the scope of prosecutorial *appeal* has not been expanded by statute or court rule beyond the cases delineated in the Code of Criminal Procedure (MCLA 770.12; MSA 28.1109), a prosecutor is not without recourse if before, during or after trial a judge enters an order allegedly erroneous which, however, is not appealable.[3]

GCR 1963, 711.4 provides that the Court of Appeals, as well as this Court and the circuit court, has "jurisdiction to issue superintending control orders to inferior courts and tribunals." By this rule this Court "delegated" to the Court of Appeals "the power to issue such writs [of superintending control] in respect of a particular error in an actual case and controversy." *Morcom v Recorder's Court Judges*, 15 Mich App 358; 166 NW2d 540 (1968).[4]

---

[3] *Cf. People v Carl Smith*, 39 Mich App 337; 197 NW2d 528 (1972).

[4] The Court of Appeals early recognized that the superintending control power conferred on it differs from the general superintending control vested by the Constitution (Const 1963, art 6, § 4) in this Court; the *Morcum* Court stated (p 360):

"While GCR 1963, 711 as so amended could be read as conferring on our Court the same power the Supreme Court enjoys, we are persuaded that the Supreme Court has delegated to us only the power to issue such writs in respect of a particular error in an actual case and controversy, and that we have not been delegated superintending control over the general practices of an inferior court or any judge thereof."

Subsequently, in *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 680–681; 194 NW2d 693 (1972), this Court stated:

"The Supreme Court has by GCR 1963, 711 provided that the Court of Appeals has the power to issue superintending control orders which are in the nature of *certiorari,* mandamus and prohibition.

"This superintending control has nothing to do with the general supervisory superintending control over all courts given to the Supreme Court by art 6, § 4 of the 1963 Constitution or the supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the Supreme Court, given the circuit courts by art 6, § 13 of the 1963 Constitution.

"No general control of inferior courts exists in the Court of Appeals."

In *People v Flint Municipal Judge,* 383 Mich 429, 432; 175 NW2d 750 (1970), this Court recognized the power of the Court of Appeals to issue a writ of superintending control but held that a complaint seeking such a writ to review action of a municipal judge should be directed to the circuit court not to the Court of Appeals, and said of a proceeding seeking such a writ: "The process is not, properly speaking, an appeal. It is rather a whole new lawsuit, with different parties and different purposes."

In *Genesee Prosecutor v. Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), this Court quoted the above quoted statement in *Flint Municipal Judge* and held that the Court of Appeals has the power to correct by a writ of superintending control an error of law of a circuit judge in accepting a plea of guilty to an offense other than the offense charged by the prosecutor.[5]

When an application for a writ of superintending control is sought during a trial, it is essential, lest the trial be unduly impeded, that the parties proceed and the appellate court decide expeditiously.

## VI

We favor the establishment of a study committee composed of members of the prosecutor and defense bar to advise this Court concerning the desirability of promulgating a court rule regarding prosecutor recourse to the appellate process.

We would remand to the Court of Appeals for further proceedings consistent with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, J., concurred with LEVIN, J.

---

[5] The offense to which the plea of guilty was accepted was a lesser added, not a lesser included, offense.