## MORCOM v. RECORDER'S COURT JUDGES

COURTS — SUPERINTENDING CONTROL — COURT OF APPEALS — COURT RULES.

> Court rule amendment giving the Court of Appeals the power to issue writs of superintending control *held*, not to confer superintending control over the general practices of an inferior court or judge thereof, but to limit the power to issue such writ only in respect of a particular error in an actual case or controversy (GCR 1963, 711 as amended).

Original proceeding in Court of Appeals. Submitted Division 1 April 16, 1968, at Detroit. (Docket Nos. 5,389, 5,390.) Decided December 31, 1968.

Complaint by Claudia Morcom, Dennis James, and Myron Wahls, for superintending control over defendants functioning as judges of Detroit recorder's court. Writ of superintending control denied.

*Myron Wahls, Dennis James*, and *Ronald Reosti,* for plaintiffs.

*William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for defendants.

---

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts §§ 82, 86.

PER CURIAM. This is an original proceeding instituted by complaint for writ of superintending control. Plaintiffs Claudia Morcom and Dennis James are in administrative charge of the Neighborhood Legal Services Center's bail release project. Plaintiff Myron Wahls is an attorney and president of the Wolverine Bar Association.

Plaintiffs' complaint alleges that the bail release project is designed to provide verified background information to the arraigning magistrate of recorder's court for the city of Detroit for the purpose of setting reasonable bond, and that the project supervises those persons released on personal recognizance. It is further asserted that the bail release project operates pursuant to a directive and order issued by the judges of the recorder's court October 25, 1967.

The complaint alleges that on April 7, 1968, the defendants, judges of the recorder's court acting as magistrates in the recorder's court, arraigned persons arrested April 5–7, 1968, which was a time of emergency as declared by the Governor of this State.

Plaintiffs complain that the defendants adopted a policy of setting all bonds at no less than $1,000, two sureties, ignored the operation of the bail release project and refused to give any person brought before them "meaningful individual consideration" in the setting of bail. These allegations were denied in the defendants' answer.

The relief sought is the exercise by this Court of superintending control of the defendants for the purpose of insuring the "proper and just administration of justice" in the courtrooms of the defendants "by whatever steps are necessary to insure a cessation of defendants' illegal actions hereinbefore mentioned".

The defendants moved for dismissal of the complaint. That motion was granted April 19, 1968.

Article VI, section 4 of the Michigan Constitution of 1963 confers on the Supreme Court general superintending control over all courts. Section 13 of that article confers on the circuit court supervisory and general control over inferior courts and tribunals in accordance with rules of the Supreme Court. Section 10 of that article provides that the jurisdiction of the Court of Appeals shall be provided by law and the practices and procedures therein shall be prescribed by rules of the Supreme Court.

GCR 1963, 711.1 provides that an order of superintending control may be used in any fashion necessary to implement the superintending or supervisory control power of the court over inferior tribunals. This rule was promulgated prior to the establishment of this Court. By amendment to GCR 1963, 711.4, effective January 1, 1965, our Court was given jurisdiction to issue superintending control orders to inferior courts and tribunals.

While GCR 1963, 711 as so amended could be read as conferring on our Court the same power the Supreme Court enjoys, we are persuaded that the Supreme Court has delegated to us only the power to issue such writs in respect of a particular error in an actual case and controversy, and that we have not been delegated superintending control over the general practices of an inferior court or any judge thereof.

The application for a writ of superintending control is denied.

T. G. KAVANAGH, P. J., and QUINN and LEVIN, JJ., concurred.