PEOPLE v PUMMER

CRIMINAL LAW—APPEAL AND ERROR—APPEALS BY THE PROSECUTION—
STATUTES—NEW TRIAL.

Appeals by the people in criminal cases require leave and are
restricted by and limited to the provisions of statute; therefore,
the people will not be given leave to appeal from an order
granting a new trial where no statutory authorization exists
(MCLA 770.12.)

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 January 10, 1975, at Lans-
ing. (Docket No. 19275.) Decided May 30, 1975.
Leave to appeal granted, 394 Mich 836.

Robert G. Pummer was convicted of murder in
the first degree. Motion for new trial granted. The
people appeal by leave granted. Appeal dismissed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *James M. Justin,* As-
sistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate De-
fender, for defendant.

Before: DANHOF, P. J., and McGREGOR and D. F.
WALSH, JJ.

PER CURIAM. Defendant was convicted by a jury

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 309.

of murder in the first-degree, MCLA 750.316; MSA 28.548, on February 14, 1973. A motion for a new trial was made on March 23, 1973, and taken under advisement. On November 20, 1973, the trial court issued an order setting aside the conviction and granting a new trial. From this order the people filed application for leave to appeal, which was granted on February 4, 1974.

The majority opinion in *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973), written by Justice COLEMAN and concurred in by three other justices, has been read by some as overturning the long established tradition of limited prosecutorial appeals in this state as codified in MCLA 770.12; MSA 28.1109. A panel of this Court, however, in *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975), has closely examined the *Blachura* decision, including the minority opinion of Justice LEVIN, and concluded that the Supreme Court was presented with only the "narrow issue of whether or not the Court of Appeals has jurisdiction in this matter". The opinion of this Court continued: "The two opinions in *Blachura,* while agreeing upon the answer to the narrow question presented, disagree upon other questions, which we take to be obiter dicta." After discussing the sources of this Court's jurisdiction, and the continuing validity of the Code of Criminal Procedure, the opinion concludes "that appeals by the people require leave and are restricted by and limited to the provisions of MCLA 770.12; MSA 28.1109".

No provision is included in the statute authorizing appeals by the people from an order granting a new trial. Therefore, in the absence of statutory authorization, we conclude that leave to appeal was improvidently granted in this case.

Appeal dismissed.