PEOPLE v PUMMER

Docket No. 57200. Argued April 5, 1976 (Calendar No. 4).—Decided December 31, 1976.

Robert G. Pummer was convicted by a jury in Jackson Circuit Court, Gordon W. Britten, J., of first-degree murder. The trial court later granted a new trial on the ground that the instructions to the jury were erroneous. The Court of Appeals, Quinn, P. J., and McGregor and Bronson, JJ., dismissed the people's appeal from that order on the ground that no statute authorized the interlocutory appeal by the people (Docket No. 19275). The people appeal. *Held:*

Appeals by the prosecutor, like those of all other litigants, are governed by the Revised Judicature Act of 1961 and court rules. Final judgments are appealable as of right; interlocutory orders are appealable by leave granted. An order granting a new trial is a non-final, interlocutory order; therefore, the prosecutor proceeded correctly in applying for leave to appeal to the Court of Appeals.

Reversed and remanded to the Court of Appeals for a decision on the substantive issues.

Chief Justice Kavanagh dissented on the ground that an order granting a motion for a new trial is not included in the statute allowing limited appeals by the people to the Court of Appeals in criminal cases. The Court of Appeals has the power to issue an order of superintending control only in respect of a particular error in an actual case. The nature and scope of the former writs of mandamus, certiorari and prohibition define the boundaries of the Court of Appeals order of superintending control. An extraordinary writ provides an efficient means of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5, 9, 10, 12–15] 4 Am Jur 2d, Appeal and Error §§ 267, 268.
  Constitutionality of statute permitting appeal by state in criminal cases. 157 ALR 1065.
[2] 47 Am Jur 2d, Judgments §§ 1053, 1054.
[3–5, 12, 13] 56 Am Jur 2d, Motions, Rules, and Orders § 3.
[6–14] 20 Am Jur 2d, Courts § 111 *et seq.*
  Superintending control over inferior tribunals. 112 ALR 1351.
[15] 73 Am Jur 2d, Statutes § 271 *et seq.*

resolving legal and jurisdictional questions, without the need of ancillary factual determinations more appropriately resolved by appeal. The discretionary determination of the trial court to grant a new trial based upon erroneous instructions to the jury does not fit within the circumstances allowing a writ of certiorari and, accordingly, an order of superintending control is not available from the Court of Appeals.

Justice Levin concurred with Chief Justice Kavanagh that the order granting a motion for a new trial is not appealable, but did not join in declaring that such an order may not be reviewed by the Court of Appeals in the exercise of its power of superintending control because the issue is not before the Supreme Court.

Justice Levin also wrote a separate dissent to the holding that appeals by the prosecutor are governed by the Revised Judicature Act and the General Court Rules of 1963. The cases relied on for that holding were appeals from final orders and are not precedentially binding on the question whether the prosecutor may appeal an interlocutory order. The Judicature Act of 1915 and the Revised Judicature Act could be construed literally as covering appeals by the prosecutor but such a construction is inconsistent with the history of the statutes and the pattern in this and other jurisdictions of a separate specific statutory provision for prosecutor appeals. By the decision in this case the specific provision for prosecutor appeals is read off the statute books. The Court of Appeals has been in operation for 12 years, but this is the first holding that in adopting in 1964 the amendments to the General Court Rules governing appeals to the Court of Appeals the Supreme Court determined to enlarge the jurisdiction of the Court of Appeals and to allow prosecutors to appeal an order granting a new trial. Even if the Revised Judicature Act gives the Supreme Court the authority to enlarge by rule the jurisdiction of the Court of Appeals to consider prosecutor appeals, the Supreme Court has not, until now, exercised that authority, and now expands the jurisdiction of the Court of Appeals without analysis.

61 Mich App 552; 233 NW2d 79 (1975) reversed.

### OPINION OF THE COURT

1. CRIMINAL LAW—APPEAL AND ERROR—COURT OF APPEALS.

Appeals from a criminal case to the Court of Appeals by the people like those of all other litigants, are governed by the Revised Judicature Act of 1961 and court rules: final judgments are appealable as of right, interlocutory orders are appealable by leave granted (MCL 600.308; MSA 27A.308; GCR 1963, 806).

2. CRIMINAL LAW—APPEAL AND ERROR—FINAL JUDGMENT.

A final judgment is not reached in a criminal case, following conviction, until the court pronounces a sentence, which leaves nothing to be done but enforcement (MCL 600.308; MSA 27A.308; GCR 1963, 806.1).

3. APPEAL AND ERROR—MOTIONS—FINAL ORDERS.

Final orders are adjudications upon motions or other applications, not involving a hearing upon pleadings and proofs, but upon other issues interlocutory or collateral, whereby some supposed right of a party is definitely cut off, or some liability fixed upon him; if it closes the matter and precludes any further hearing or investigation it is final (MCL 600.308; MSA 27A.308; GCR 1963, 806.1).

4. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL.

An order granting a new trial is a non-final, interlocutory order; therefore, the people must apply for leave to appeal to the Court of Appeals from such an order in a criminal case (MCL 600.308; MSA 27A.308; GCR 1963, 806.2).

DISSENTING OPINION

KAVANAGH, C. J.

5. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL.

*An order granting a new trial is not included within the statute allowing limited appeals by the people to the Court of Appeals in criminal cases (MCL 770.12; MSA 28.1109).*

6. COURTS—SUPERINTENDING CONTROL—JURISDICTION.

*The Supreme Court has general superintending control over all the state courts, but the Court of Appeals has power to issue an order of superintending control only in respect of a particular error in an actual case (Const 1963, art 6, § 4; GCR 1963, 711).*

7. COURTS—COURT OF APPEALS—JURISDICTION—EXTRAORDINARY WRITS —SUPERINTENDING CONTROL.

*The nature and scope of the former writs of mandamus, certiorari and prohibition define the boundaries of the Court of Appeals order of superintending control (GCR 1963, 711).*

8. COURTS—EXTRAORDINARY WRITS—REMEDIES.

*The peremptory common-law writs are among the most potent weapons in the judicial arsenal; as extraordinary remedies they are reserved for really extraordinary causes.*

9. CRIMINAL LAW—APPEAL AND ERROR—EXTRAORDINARY WRITS.

*An appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid statutory conditions of appellate review and thwart the Legislature's policy against piecemeal appeals in criminal cases.*

10. APPEAL AND ERROR—EXTRAORDINARY WRITS—CRIMINAL LAW.

*The state may not be permitted to accomplish by certiorari what it cannot do by appeal in a criminal case; the right of the state to prosecute error in a criminal case exists only when it is conferred by statute.*

11. CRIMINAL LAW—APPEAL AND ERROR—SUPERINTENDING CONTROL— NEW TRIAL.

*The determination by a trial court that a defendant in a criminal case was entitled to a new trial because the instructions to the jury were erroneous does not fit within the circumstances allowing grant of certiorari and, accordingly, an order of superintending control is not available to the prosecution from the Court of Appeals (GCR 1963, 711).*

DISSENTING OPINION

LEVIN, J.

See headnote 5.

12. CRIMINAL LAW—APPEAL AND ERROR—PROSECUTOR APPEALS—CONSTRUCTION OF STATUTES.

*A literal reading of the amendments to the Revised Judicature Act establishing the jurisdiction of the Court of Appeals and of the rules adopted by the Supreme Court following establishment of the Court of Appeals permits the construction that they govern an appeal by a prosecutor from an interlocutory order but that construction is not consonant with the history of the provisions or the statutory pattern of providing separately for prosecutor appeals; the Judicature Act of 1915 could have been literally construed to allow appeals by prosecutors, but such appeals were separately treated in a specific statute enacted and amended later and still in effect (MCL 770.12; MSA 28.1109).*

13. COURTS—JURISDICTION—APPEAL AND ERROR.

*The Revised Judicature Act establishes the jurisdiction of the Court of Appeals, providing for appeals of right from final judgments, and authorizing the Supreme Court to determine by court rule the other judgments or interlocutory orders within*

*the jurisdiction of the Court of Appeals (MCL 600.308, 600.309; MSA 27A.308, 27A.309).*

14. Courts—Jurisdiction—Appeal and Error—Court Rules.

*The basic right of appeal is to be found in the statutes and common law, and the general court rules only relate to the methods and procedures for appeal, except as explicitly set out in the rules (GCR 1963, 801.1).*

15. Criminal Law—Appeal and Error—Prosecutor Appeals—New Trial.

*The Legislature has, in the Code of Criminal Procedure, defined the scope of the appellate rights of prosecutors, which does not allow prosecutors to appeal an order granting a new trial; under the Constitution, it is the prerogative of the Legislature to provide the jurisdiction of the Court of Appeals (Const 1963, art 6, § 10; MCL 770.12; MSA 28.1109).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *John B. Phelps)* for defendant.

Amicus Curiae: *Edward G. Durance,* Midland County Prosecuting Attorney, for the Prosecuting Attorneys Association of Michigan.

Williams, J. Defendant was convicted of first-degree murder, but before he was sentenced, the trial judge granted his motion for new trial. The prosecutor sought leave to appeal the order granting new trial and made specific reference to our opinion in *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973), which affirmed the jurisdiction of the Court of Appeals to grant leave to appeal to the prosecutor from an order granting a new trial.

After the Court of Appeals granted the prosecutor leave to appeal, the parties briefed issues

relating to the propriety of the trial judge's instructions to the jury. After formal submission and oral argument, the Court of Appeals concluded that leave was improvidently granted and dismissed the appeal. The Court of Appeals relied upon *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975), resurrecting MCLA 770.12; MSA 28.1109, and found "[n]o provision is included in the statute authorizing appeals by the people from an order granting a new trial". 61 Mich App 552, 553; 233 NW2d 79 (1975).

Shortly thereafter we held that the prosecutor could appeal as of right an order of the circuit judge quashing an information, since it "was a final pretrial decision of the circuit court". *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527, 528; 232 NW2d 172 (1975). In so doing, we expressly overruled *Martin, supra.* On the same day, we entered an order on the prosecutor's application in this case, granting leave to consider whether the prosecutor could appeal from an order granting a new trial "as of right or by leave", 394 Mich 836 (1975).

In light of *Blachura* and *Jackson County Prosecutor, supra,* there should remain little question that appeals by the prosecutor, like those of all other litigants, are governed by MCLA 600.308; MSA 27A.308, and rules formulated by our Court. Final judgments are appealable as of right, GCR 1963, 806.1; interlocutory orders are appealable by leave, GCR 1963, 806.2.

In *People v Pickett,* 391 Mich 305, 312; 215 NW2d 695 (1974), we accepted our earlier-stated standard that:

"An ultimate or final judgment is not reached in a criminal case, following conviction, until the court pronounces a sentence, which leaves nothing to be done

but enforcement." *People v Fisher,* 237 Mich 504, 506; 212 NW 70 (1927).

Even earlier, Chief Justice Campbell stated:

"But what are known as final orders are adjudications upon motions or other applications, not involving a hearing upon pleadings and proofs, but upon other issues interlocutory or collateral, whereby some supposed right of a party is definitely cut off, or some liability fixed upon him. Usually, if not always, an order made on such a side hearing is only final if made in a certain way; whereas, if the decision had been otherwise it would have been interlocutory; while an absolute decree made in favor of either party is final. If the decision of a motion opens a case it is not generally final, unless it cuts off some acquired right under a decree. If it closes the matter and precludes any further hearing or investigation it is final." *Kingsbury v Kingsbury,* 20 Mich 212, 215 (1870).

Clearly, an order granting a new trial is a nonfinal, interlocutory order. Therefore, under *Blachura,* the prosecutor proceeded correctly in applying for leave to appeal to the Court of Appeals.

We therefore reverse the judgment of the Court of Appeals and remand the cause for a decision on the substantive issues raised by the prosecutor.

In accordance with GCR 1963, 866, the order of this Court pursuant to the decision herein shall be entered and issued immediately upon the filing of this opinion.

Coleman, Fitzgerald, Lindemer, and Ryan, JJ., concurred with Williams, J.

Kavanagh, C. J. Defendant was convicted by a jury of murder in the first degree in February, 1973. Prior to sentencing, defendant made a motion for a new trial, which motion was granted on

November 5, 1973, the trial judge concluding that "the instructions were of such a nature as to generally confuse the jury and to unduly emphasize murder in relation to the discussion of the other possible verdicts there instructed, as well as to de-emphasize if not make impossible, a finding of not guilty by reason of insanity * * * ".

"[I]t appears manifest injustice to the rights of the defendant may well have resulted * * * and this court grants a new trial to the defendant."

A new trial date of March 11, 1974 was set. The prosecution filed an application for leave to appeal to the Court of Appeals, and a motion to stay proceedings, relying on *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973), and GCR 1963, 806.2. The Court of Appeals granted the motion and application for leave February 4, 1974.

The case was argued January 10, 1975, and the Court of Appeals requested supplemental briefs on the question of its jurisdiction to hear the appeal. Both sides filed briefs on this question.

In a per curiam opinion dated May 30, 1975, the Court of Appeals held that leave to appeal had been improvidently granted, relying on *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975). 61 Mich App 552; 233 NW2d 79 (1975).

On August 19, 1975, this Court granted the prosecution's motion to stay proceedings and granted leave to appeal "limited to the questions of the appealability to the Court of Appeals, as of right or by leave, of a grant of a motion for a new trial in a criminal case, and whether such a grant is reviewable by superintending control". 394 Mich 836 (1975).

Arguments were presented on those questions in April, 1976.

We affirm.

I

We begin by stating that this case is *not* controlled by *People v Blachura, supra.* In *Blachura,* defendant was indicted on six counts of perjury. The jury trial ended with defendant being convicted on five of the six counts. Defendant moved for a new trial, and a new trial was granted on two counts, with the remaining three being dismissed with prejudice.

The prosecutor was granted leave to the Court of Appeals. Defendant was granted leave to this Court to consider " 'only the narrow issue of whether or not the Court of Appeals has jurisdiction' in this matter". 390 Mich pp 331, 332.

All seven justices agreed that the answer to the question presented was in the affirmative, *i.e.,* the Court of Appeals "had jurisdiction in this matter".

The two opinions written in *Blachura* disagree as to various aspects concerning the reasons for jurisdiction, and the limits thereto, but none of that discussion was necessary to the decision of the "narrow issue" presented.

MCLA 770.12; MSA 28.1109 provides in pertinent part:

"A writ of error may be taken by and on behalf of the people * * * in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(c) From the decision or judgment sustaining a spe-

cial plea in bar, when the defendant has not been put in jeopardy, or from any other order of the court relative to admission of evidence or proceedings had or made at any time before the defendant is put in jeopardy."

That is the extent of the prosecution's right to appeal to the Court of Appeals. Because an order granting a motion for a new trial is not included within MCLA 770.12; MSA 28.1109, appeal will not lie.

The prosecution argues that Const 1963, art 6, § 10, and MCLA 600.308; MSA 27A.308 (RJA § 308), and GCR 1963, 806.2(2) supersede the previously cited statutory limitations on prosecutorial appeals. We disagree.

Const 1963, art 6, § 10 provides that "The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court."

Pursuant to this constitutional provision, MCLA 600.308; MSA 27A.308 (RJA § 308) was enacted, providing:

"The court of appeals has jurisdiction on appeals from:
"(1) All final judgments from the circuit courts * * *
"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine."

GCR 1963, 806 provides:

".1 Appeal as of Right. In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments or final orders from the circuit courts * * * .
".2 Appeal by Leave. The court of appeals may grant leave to appeal from: * * *
"(2) Any judgment, order, act or failure to act by the

circuit courts, * * * which is not a final judgment appealable as of right."

No contention is made that the granting of defendant's motion for a new trial is a final judgment or final order giving the prosecution a right to appeal. See *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975); *People v Pickett,* 391 Mich 305, 313; 215 NW2d 695 (1974).

Neither GCR 1963, 806.2(2), nor RJA §§ 308 and 309 were intended to "thoughtlessly eliminate the traditional distinction between prosecutor and defendant appeals". *People v Blachura, supra,* p 340 (LEVIN, J., concurring).

The ABA Standards Relating to Criminal Appeals, § 1.4 (Approved Draft, 1970), do not provide for prosecution appeal from a trial judge's granting of a new trial.

"The trial court has likely acted upon a claim of error in the proceedings which the defense could have raised on appeal, had the trial judge denied the motion. In a sense, the prosecution has lost the chance to seek a ruling on the question from the higher tribunal unless it now has the right to take the matter up to the appellate court. On the other hand, the trial court possibly could have ruled in favor of the defense contentions during trial rather than after trial. If * * * instructions to the jury or other trial questions were decided initially in favor of the defendant, only a handful of states would permit prosecution appeal from a verdict favorable to the defense. It is not clear, therefore, that broad provisions for appeals from post-trial orders are necessary or sound." *Id,* p 39.

Because there is no provision in MCLA 770.12; MSA 28.1109 allowing the prosecution to appeal the grant of a new trial by the trial court, we hold

that the order is not appealable to the Court of
Appeals.

II

Having held that the grant of a new trial is not
appealable to the Court of Appeals, we turn to the
consideration of whether the prosecution can seek
an order of superintending control from the Court
of Appeals to challenge the trial court's grant of a
motion for a new trial.

GCR 1963, 711.4 provides that the Court of
Appeals, as well as this Court, and the circuit
courts have "jurisdiction to issue superintending
control orders to inferior courts". While this Court
has general superintending control over all the
state courts, Const 1963, art 6, § 4, the Court of
Appeals has power to issue an order of superin-
tending control only "in respect of a particular
error in an actual case * * * ", *Morcom v Record-
er's Court Judges,* 15 Mich App 358, 360; 166
NW2d 540 (1968). See also *Genesee Prosecutor v
Genesee Circuit Judge,* 386 Mich 672; 194 NW2d
693 (1972).

GCR 711.3 provides that superintending control
is to be used in place of the former writs of
certiorari, mandamus, and prohibition.

The nature and scope of the former writs define
the boundaries of the Court of Appeals order of
superintending control. Accordingly, such orders
are only available concerning legal questions that
would formerly have been reviewable by manda-
mus, certiorari or prohibition. *Genesee Prosecutor
v Genesee Circuit Judge, supra.* Any other inter-
pretation and expansion of the availability of su-
perintending control would do away with the dis-
tinction between these extraordinary writs and

ordinary appeals. An extraordinary writ provides an efficient means of resolving legal and jurisdictional questions, without the need of ancillary factual determinations more appropriately resolved by appeal. "The peremptory common-law writs are among the most potent weapons in the judicial arsenal. 'As extraordinary remedies, they are reserved for really extraordinary causes.' *Ex parte Fahey*, 332 US 258, 260 [67 S Ct 1558; 91 L Ed 2041] (1947)." *Will v United States*, 389 US 90, 107; 88 S Ct 269; 19 L Ed 2d 305 (1967).

Additionally, as we stated in Part I, *supra*, the Legislature has carefully limited the types of cases the prosecution may appeal to the Court of Appeals. If an order of superintending control were available to review alleged errors such as presented by the instant case, the specific limitations of the statute would be effectively nullified.

"Where the appeal statutes establish the conditions of appellate review, an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to void those conditions and thwart the [Legislature's] policy against piecemeal appeals in criminal cases." *Roche v Evaporated Milk Association*, 319 US 21, 30; 63 S Ct 938; 87 L Ed 1185 (1943).

"The State should not be permitted to accomplish by certiorari what it cannot do by appeal. The right of the State to prosecute error in a criminal case exists only when such right is conferred by statute. * * *

"Where the State has no right of appeal from an order granting defendant a new trial, certiorari could not be granted as a substitute. To bring up the matter by certiorari, would be to accomplish by indirection what the statute does not expressly permit." *State v Paul*, 80 NM 746, 747; 461 P2d 228, 229 (1969) *cert den* 397 US 1044 (1970).

Accord, *State v Todd,* 224 NC 776; 32 SE2d 313 (1944).

In the case such as this, the only writ that arguably would formerly have been available would be certiorari. However, "The writ of *certiorari* is for review of errors of law and our inquiry is limited to determining 'if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law.' " *Genesee Prosecutor v Genesee Circuit Judge, supra,* p 681.

The discretionary determination of the trial court to grant a new trial due to his belief that his instructions were erroneous or confusing does not fit within the circumstances allowing grant of a writ of certiorari, and, accordingly, an order of superintending control is not available from the Court of Appeals.

The opinion of the Court of Appeals is affirmed. The cause is remanded for trial.

LEVIN, J., concurred in part I of the opinion of KAVANAGH, C. J.

LEVIN, J. *(dissenting).* I concur in part I of the Chief Justice's dissenting opinion, which would hold that an order granting a new trial to a defendant in a criminal case is not appealable.

I have not joined in part II, which declares that such an order may not be reviewed by the Court of Appeals in the exercise of its power of superintending control. That issue is not before us.[1] The prosecutor sought and obtained leave to appeal from the Court of Appeals and did not seek superintending control.

---

[1] *See* Const 1963, art 6, § 4; MCLA 600.310; MSA 27A.310; GCR 1963, 711.4(1).

I write separately in response to the opinion of the Court.

I

The Court declares:

"In light of *[People v] Blachura* [390 Mich 326; 212 NW2d 182 (1973)] and *Jackson County Prosecutor v [Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975)], there should remain little question that appeals by the prosecutor, like those of all other litigants, are governed by MCLA 600.308; MSA 27A.308, and rules formulated by our Court. Final judgments are appealable as of right, GCR 1963, 806.1; interlocutory orders are appealable by leave, GCR 1936, 806.2."

If *Blachura* and *Jackson County Prosecutor* were dispositive I would be obliged to join in the disposition of the Court. They are not, however, controlling.

In *Blachura* the Court of Appeals had *granted leave to appeal* from an order of the trial court quashing and dismissing with prejudice three counts of an indictment and granting a new trial on two counts. In two opinions, one signed by four justices and another by three, we all agreed that the Court of Appeals had jurisdiction to grant leave to appeal from what all agreed was a final order. That was the holding.[2]

---

[2] The opinion signed by three justices, which I wrote, would have limited the review by the Court of Appeals to so much of the trial court's order as dismissed the three counts and would have in effect modified the grant of leave insofar as it might have made possible review of the grant of a new trial.

While the majority did not modify the order granting leave, it does not follow that the Court considered and held that the Court of Appeals has jurisdiction to hear an appeal from an order granting a defendant a new trial.

The reliance on *Jackson County Prosecutor* is also misplaced. In that case the circuit judge quashed an information on the ground that the statute under which the defendant had been charged "was 'too broad' and thus was constitutionally defective". Even before the establishment of the Court of Appeals and the amendment to the Revised Judicature Act establishing its jurisdiction, the prosecutor had a right under the Code of Criminal Procedure to appeal an order dismissing an information on the ground of unconstitutionality.[3] There was, thus, no issue in *Jackson County Prosecutor* regarding the jurisdiction of the Court of Appeals to entertain the appeal. The issue was whether the order was appealable as of right or on leave granted. We held that because the order dismissing the information was final it was appealable as of right.[4]

Both *Blachura* and *Jackson County Prosecutor*

---

[3] The statute provides:

"A writ of error may be taken by and on behalf of the people of the state of Michigan from any court of record in said state direct to the supreme court thereof, in all criminal cases, in the following instances, to wit:

"(a) From a decision or judgment quashing or setting aside any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(b) From a decision arresting a judgment of conviction or directing a judgment of acquittal for insufficiency of the indictment, where such decision is based upon the invalidity or construction of the statute upon which such indictment or information is founded;

"(c) From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy, or from any other order of the court relative to admission of evidence or proceedings had or made at any time before the defendant is put in jeopardy.

"The right of the defendant to bail upon issuance of a writ of error under the provisions of this section shall be governed by the provisions of chapter 5 of this act." MCLA 770.12; MSA 28.1109.

[4] "The act of the circuit court in quashing the information in this case was a final pretrial decision of the circuit court, MCLA 600.308; MSA 27A.308, which shall be appealable as of right to the Court of Appeals, MCLA 600.309; MSA 27A.309." *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527, 528; 232 NW2d 172 (1975).

were appeals from final orders and are not precedentially binding on the question of whether the prosecutor may appeal an interlocutory order.[5]

## II

The reasoning of the prevailing opinion in *Blachura* focused on the "All final judgments" language[6] of the Revised Judicature Act as amended to establish the jurisdiction of the Court of Appeals.[7] Final judgments are appealable as of right.[8]

[5] An order granting a new trial is an interlocutory order. *See* 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 122, authors' comments accompanying Rule 527.

[6] "600.308 was written pursuant to that constitutional direction. GCR 1963, 801, also adopted pursuant to the new constitution, provides § 3 which is headed 'Statutory Jurisdiction of Court of Appeals' and repeats the language of 600.308. It refers to *all* final judgments." (Emphasis by the Court.) *People v Blachura,* 390 Mich 326, 334–335; 212 NW2d 182 (1973).

"Pursuant to this directive the statute set forth in 600.308 was enacted providing in part for Court of Appeals jurisdiction over 'all final judgments.'" *People v Blachura, supra,* p 337.

While the prevailing opinion did not declare that the section of the Code of Criminal Procedure authorizing prosecutor appeals, MCLA 770.12; MSA 28.1109, had been superseded by the amendment to the Revised Judicature Act establishing the jurisdiction of the Court of Appeals, 1964 PA 281; MCLA 600.308; MSA 27A.308, that was, concededly, the tendency of the reasoning. It has been said, however: "The reasoning in an opinion is not that of the court, but of the judge who prepares and delivers it. It may or may not be considered sound and unanswerable, and as such is the subject of criticism. The conclusion arrived at and announced upon the several questions discussed and essential to a proper disposition of the case, is that of the court, and in concurring in such conclusions it is not generally supposed or understood that everything contained or said in the opinion is thereby unqualifiedly and unquestionably adopted as the opinion of the court." *Larzelere v Starkweather,* 38 Mich 96, 100–101 (1878).

[7] "The court of appeals has jurisdiction on appeals from:

"(1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court

The Court today posits jurisdiction on the companion provisions of the Revised Judicature Act as so amended authorizing appeals from "interlocutory orders as the supreme court *may by rule determine*"[9] (emphasis added) and the provisions of the court rule authorizing the Court of Appeals to grant leave to appeal from any order of the trial court "which is not a final judgment appealable as of right".[10]

Although a literal reading of the amendments to the Revised Judicature Act establishing the jurisdiction of the Court of Appeals and of the court rules adopted by this Court following the establishment of the Court of Appeals permits the construction today placed on those provisions, that construction is not consonant with the history of these provisions or the statutory pattern in this and other jurisdictions[11] of providing separately for prosecutor appeals.

---

of appeals." MCLA 600.308; MSA 27A.308; 1964 PA 281, as amended by 1968 PA 116.

[8] MCLA 600.309; MSA 27A.309.

[9] "The court of appeals has jurisdiction on appeals from:

\* \* \*

"(2) Such other judgments or interlocutory orders as the supreme court may by rule determine." MCLA 600.308; MSA 27A.308; 1964 PA 281.

[10] "The Court of Appeals may grant leave to appeal from:

\* \* \*

"(2) Any judgment, order, act or failure to act by the Circuit Courts, Court of Claims, and Recorder's Court, except on ordinance violations in the Traffic and Ordinance Division of Recorder's Court, which is not a final judgment appealable as of right." GCR 806.2(2).

[11] In some jurisdictions the prosecutor may not appeal at all (Tex Const, art 5, § 26. *Cf.* Va Const, art 6, § 1 [no appeal "allowed to the Commonwealth in a case involving the life or liberty of a person, except \* \* \* in any case involving the violation of a law relating to the State revenue."]). In others he may appeal any order or judgment except an acquittal (Conn Gen Stat Ann, § 54-96 [1976 Pocket Part]; Vt Stat Ann, title 13, § 7403 [1974]; Ohio Rev'd Code Ann, § 2953.14 [1975]). Still other jurisdictions take an intermediate position (Ga

The Judicature Act of 1915 could have been

Code Ann, § 6-1001a *et seq.* [1975]; Wis Stat Ann, § 974.05 [1971]; Okla Stat Ann, title 22, §§ 1053, 1053.1, 1054 [1958, 1976–1977 Pocket Part]; NY Code Crim Proc, § 450.20 *et seq.* [McKinney, 1971]; Cal Penal Code Ann, § 1238 [1976 Pocket Part] [questions of law]), similar to that expressed in the Code of Criminal Procedure (MCLA 770.12; MSA 28.1109 *[see* fn 3, *supra])* and embodied in the American Bar Association Project for Standards in Criminal Justice, Standards Relating to Criminal Appeals (Approved Draft, 1970), § 1.4, permitting a prosecutor to appeal from a dismissal of an information on substantive grounds and pretrial orders that might seriously impede the prosecution:

"1.4. Prosecution appeals.

"(a) The prosecution should be permitted to appeal in the following situations:

"(i) from judgments dismissing an indictment or information on substantive grounds, such as the unconstitutionality of the statute under which the charge was brought, or for failure of the charging instrument to state an offense under the statute;

"(ii) from other pretrial orders that terminate the prosecution, such as upholding the defenses of double jeopardy, autrefois convict, autrefois acquit, or denial of speedy trial;

"(iii) from pretrial orders that seriously impede, although they do not technically foreclose, prosecution, such as orders granting pretrial motions to suppress evidence or pretrial motions to have confessions declared involuntary and inadmissible.

"Such judgments are likely to rest upon principles that ought to be clearly and uniformly applied throughout the state.

"(b) Where more than one level of appellate review is provided, the prosecution should be permitted to seek further review in the highest court whenever an intermediate court has ruled in favor of a defendant-appellant.

"(c) In an appeal at the instance of the prosecution, special provision should be made as to the custody of the defendant. A defendant should not be denied liberty pending determination of such an appeal unless there is cogent evidence that he will not abide by the judgment of the appellate court."

The accompanying commentary states:

"The subject of prosecution appeals has occupied more space in articles and lectures than any other topic dealing with criminal appeals. In 1907 Professor Roscoe Pound briefly recommended a reform of 'giving the State power to obtain effectual review of prejudicial errors at the trial and refusing to apply the rule as to double jeopardy till the cause has been completely adjudicated.' *Inherent and Acquired Difficulties in the Administration of Punitive Justice,* 4 Proceedings of the American Political Science Association 222, 239 (1907). The leading article advocating appellate review is that of Professor Justin Miller, *Appeals by the State in Criminal Cases,* 36 Yale L J 486 (1927). The American Law Institute included provisions for limited prosecution appeal in its Code of Criminal Procedure, § 428 (1931). The Institute enlarged its position later with a resolution

literally construed to allow prosecutor appeals.[12] Nevertheless, prosecutor appeals were separately treated.

In 1917 the Legislature provided for appeal to this Court from an order dismissing an information "based upon the invalidity or construction of the statute".[13] This provision was codified in the Code of Criminal Procedure[14] and carried forward to the present with an amendment, in 1941, expanding the prosecutor's right of appeal to include orders "relative to admission of evidence or proceedings had or made at any time before the defendant is put in jeopardy".[15] This "specific"

recommending power to appeal by the prosecution even where a person has been acquitted generally if, in the course of the trial, a material error has been made to the prejudice of the state. ALI, Administration of Criminal Law, § 13 (1935). The most vigorous opponent to broad prosecution appeal has been Professor Lester Orfield, who takes up the matter in an early chapter in his book, Criminal Appeals in America, ch 3 (1939)."

[12] "The supreme court shall have a general superintending control over all inferior courts, to prevent and correct errors and abuses therein, where no other remedy is expressly provided by law, and shall have also jurisdiction of suits, actions and matters brought before it by writ of certiorari or writ of error, when the same shall be allowed by law to any inferior court, to magistrates and other officers, as well in cases of prosecution for any offense, misdemeanor or penalty, in the name of the people of this state, as in other cases." 1948 CL 601.9; MSA 27.29.

"Writs of error upon any final judgment or determination, where the judgment exceeds in amount 500 dollars, or where judgment has been rendered upon a directed verdict for defendant in cases involving a claim of more than 500 dollars, may issue, of course, out of the supreme court, in vacation as well as in term, and shall be returnable to the same court; *and in all other cases such writ may issue in the discretion of the supreme court or any justice thereof upon proper application;* Provided, however, That if said issue involves a construction of the constitution or of any statute of this state, or any matters of great public importance or involves the contest of a will, such application need only show such fact." 1948 CL 650.1; MSA 27.2591. (Emphasis added.)

[13] 1917 PA 159. Subparagraphs (a) and (b) of the statute are quoted in fn 3, *supra.*

[14] 1927 PA 175, ch x, § 12; 1929 CL 17366.

[15] 1941 PA 132. Subparagraph (c) of the statute is quoted in fn 3, *supra.*

statutory provision is today read off the statute
books.[16]

GCR 1963, 806 (appeals to Supreme Court—by
right and by leave), as originally adopted before
the creation of the Court of Appeals, was literally
subject to the construction that it covered prosecu-
tor appeals.[17] It was not, however, so construed.

## III

The amendments to the Revised Judicature Act
establishing the jurisdiction of the Court of Ap-
peals,

—providing for appeals as of right from final
judgments (fns 7 and 8), and

—authorizing this Court to "determine" by rule
the other judgments or interlocutory orders which
would be within the jurisdiction of that court
(fn 9),

imposed the responsibility for "determining" the
scope of this "other" jurisdiction of the Court of
Appeals on this Court.

---

[16] *Contrast Council No 23, Local 1905, AFSCME v Recorder's Court
Judges,* 399 Mich 1; 248 NW2d 220 (1976).

[17] ".1 Appeal of Right. In all criminal and civil matters, an ag-
grieved party may have an appeal as a matter of right from the
circuit, superior, and recorder's courts if the appeal is taken from a
final order, judgment or sentence in accordance with these rules and
within the time prescribed by these rules, except as herein otherwise
provided.

".2 Appeal by Leave. Leave to appeal shall be required in the
following matters:

"(1) Final orders or judgments for money or property rights involv-
ing not in excess of $3,000. * * *

"(2) Final orders or judgments of the circuit court in appeals from
an inferior court or tribunal * * * .

"(3) Judgments in criminal matters in which the minimum sen-
tence imposed is less than 1 year.

"(4) Final orders and judgments in habeas corpus proceedings.

"(5) All orders and judgments in actions for divorce * * * .

"(6) Appeals from interlocutory orders.

"(7) Appeals from administrative agencies.

"(8) Appeals from orders or judgments entered in receivership
proceedings * * * ." GCR 1963, 806.

The materials presented to this Court when chapter 80 of the General Court Rules was revised in 1964, shortly before the Court of Appeals was installed, contain no reference whatsoever to prosecutor appeals. It is apparent on comparison of the language of Rule 806 as originally adopted (appeals to the Supreme Court)[18] and amended Rule 806 (appeals to the Court of Appeals)[19] that the amended rule follows the format of the original rule. There is no reason to suppose that this Court in adopting the materials submitted to it did more than simply restructure the language of Rule 806 without any purpose of enlarging the *jurisdiction* of the Court of Appeals to hear prosecutor appeals.

Pertinent in this connection is GCR 1963, 801.1 providing both before and after the revision of chapter 80 that it was not intended thereby to "restrict, enlarge or change the right or scope of review provided by law, except as *explicitly* set out in these rules". (Emphasis supplied.) In 1966 the Court of Appeals rules committee recommended a number of revisions of chapter 80 including the

---

[18] *See* fn 17, *supra,* for text.

[19] ".1 Appeal as of Right. In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments or final orders from the Circuit Courts, Court of Claims and Recorder's Court, except judgments on ordinance violations in the Traffic and Ordinance Division of Recorder's Court. * * *

".2 Appeal by Leave. The Court of Appeals may grant leave to appeal from:

"(1) Final or interlocutory judgments or orders of administrative agencies or tribunals which by law are appealable to the Court of Appeals or the Supreme Court.

"(2) Any judgment, order, act or failure to act by the Circuit Courts, Court of Claims, and Recorder's Court, except on ordinance violations in the Traffic and Ordinance Division of Recorder's Court, which is not a final judgment appealable as of right.

"(3) Orders in domestic relations cases * * * .

"(4) Final judgments entered by the circuit court on appeals from any other courts.

"(5) Such other matters as are provided by the rules of the Supreme Court or other laws." GCR 1963, 806 (as amended).

elimination of this sentence. In opposition it was stressed that "[t]he purpose of this language is to emphasize the intent of the rules that the basic right of appeal is to be found in the statutes and common law and that the rules only relate to the methods and procedures for appeal".[20]

A contemporaneous opinion written by Justice O'HARA, who was on the Court when Rule 806 was revised in 1964, states: "There is a statute *defining the right of appeal* by the people. It has been in force for many years and has been the subject of judicial construction." *People v Brundage,* 381 Mich 399, 402; 162 NW2d 659 (1968) (emphasis supplied).[21]

The Court of Appeals has been in operation for nearly 12 years. The Court's decision today is the first judicial declaration that in adopting GCR 1963, 806.2(2) in 1964 this Court "determined", within the meaning of the amended Revised Judicature Act, to enlarge the jurisdiction of the Court of Appeals and to allow prosecutors to appeal an order granting a new trial.[22]

---

[20] Memorandum from Jason L. Honigman to the Justices, March 11, 1966.

The language of Rule 801.1 is based upon Court Rule No 55 (1931), and Court Rule No 55 (1945), providing that orders or judgments for which review is provided by law, whether by writ of error, appeal or other writ or remedy "shall be reviewed by notice of appeal" (1931); "by appeal" (1945).

[21] Justice BRENNAN signed Justice O'HARA's opinion.

The plurality opinion, written by Justice ADAMS, signed by Chief Justice DETHMERS and Justice T. M. KAVANAGH, did not advert to the Code of Criminal Procedure; there is no suggestion that there was any disagreement on the proposition advanced by Justice O'HARA. Justices KELLY and BLACK did not participate.

[22] The rule is well established that a judge's decision to grant a new trial on the ground that the verdict is contrary to the great weight of the evidence will not be reviewed on appeal except for abuse of discretion. Few cases find an abuse of discretion. *See Patzke v Chesapeake & O R Co,* 368 Mich 190; 118 NW2d 286 (1962); 3 Honigman & Hawkins, *supra,* p 113, authors' comments accompanying Rule 527; 7A Callaghan's Michigan Pleading & Practice, § 57.105(a) (1976 Cum Supp).

The concept of expanding the appellate rights of prosecutors has considerable merit. The Legislature has, however, in the Code of Criminal Procedure, defined the scope of that right. Under the Constitution, it is the prerogative of the Legislature to provide "[t]he jurisdiction of the court of appeals".[23]

Even if it is thought that the amended Revised Judicature Act, establishing the jurisdiction of the Court of Appeals, supersedes in this regard the Code of Criminal Procedure and that this Court has the authority by rule to enlarge the jurisdiction of the Court of Appeals to consider prosecutor appeals, there is no evidence that the Court has—before today's decision—exercised that authority. The Court expands the jurisdiction of the Court of Appeals without analysis on the mistaken premise that the questions raised by this appeal have already been decided.[24]

---

[23] Const 1963, art 6, § 10.

[24] The Court reverses the judgment of the Court of Appeals and remands "the cause for a decision on the substantive issues raised by the prosecutor". It is unclear whether this would preclude the Court of Appeals from dismissing the granted leave as improvident or whether this Court is exercising a judgment on whether leave should have been granted in the instant case.