PEOPLE v TORRES

Docket No. 150551. Submitted February 22, 1995, at Detroit. Decided April 4, 1995, at 9:05 A.M. Leave to appeal sought.

Gavino Torres was charged in the Recorder's Court for the City of Detroit with possession with intent to deliver more than 650 grams of cocaine. A jury convicted him of simple possession of more than 650 grams of cocaine. The court, Daphnie Means Curtis, J., on its own motion, set aside the verdict and granted the defendant a new trial, believing it had erred in instructing the jury that simple possession is a less serious offense than possession with intent to deliver and that, if it had not instructed the jury in that manner, the jury might have acquitted the defendant. The prosecution filed a delayed application for leave to appeal and a motion for a stay of proceedings. The Court of Appeals, MACKENZIE, P.J., and HOLBROOK, JR., and MURPHY, JJ., denied the application and motion in an order dated February 26, 1991 (Docket No. 135400). The Supreme Court denied the prosecutor's application for leave to appeal and motion for a stay of proceedings. 437 Mich 987 (1991). The defendant was retried on the charge of possession of more than 650 grams of cocaine, but the trial ended in a hung jury. Before a scheduled third trial, the trial court granted the defendant's motion to dismiss the charge, reasoning that possession with intent to deliver and simple possession are the same offense for double jeopardy purposes and that, because the jury in the first trial acquitted the defendant of possession with intent to deliver, the defendant would have been acquitted outright if the jury had not been instructed with regard to simple possession. The prosecutor appealed as of right from the order dismissing the charge against the defendant.

The Court of Appeals *held*:

1. A prosecutor's appeal as of right from a final order in a criminal case does not allow appellate review of all previous

REFERENCES

Am Jur 2d, Appeal and Error §§ 123, 291, 311; New Trial §§ 12, 390.

Appeal by state of order granting new trial in criminal case. 95 ALR3d 596.

orders issued in the case. Therefore, the issue whether the trial court erred when it set aside the jury verdict in the first trial and granted a new trial is not properly before the Court of Appeals in this appeal from the final order dismissing the charge against the defendant.

2. The trial court erred in dismissing the charge against the defendant on the basis of the double jeopardy prohibition. Because the alleged error that resulted in the setting aside of the conviction in the first trial was not related to the sufficiency of the evidence, the double jeopardy prohibition does not bar retrial in this case.

3. The retrial of the defendant would not subject the defendant to prosecution for an offense of which he already has been acquitted. Possession of cocaine and possession of cocaine with intent to deliver are distinct offenses. The former offense is a necessarily included lesser offense of the latter offense. A jury in the present case rationally could find from the evidence that the defendant possessed the cocaine but did not have the intent to deliver it. The fact that the defendant was acquitted of the charge of possession with intent to deliver cocaine does not bar on the basis of double jeopardy a retrial on the charge of simple possession of cocaine.

Reversed.

1. CRIMINAL LAW — APPEAL — MOTIONS AND ORDERS — NEW TRIAL.

An order granting a new trial is a nonfinal interlocutory order; the prosecution may appeal an order granting a new trial only by application for leave to appeal (MCL 770.12; MSA 28.1109).

2. CRIMINAL LAW — APPEAL — MOTIONS AND ORDERS.

A party filing an appeal as of right must include with the claim of appeal a copy of the judgment or order from which the appeal is taken; a prosecutor's appeal as of right from a final order in a criminal case does not allow appellate review of all previous orders issued in the case (MCR 7.204).

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — RETRIALS.

The Double Jeopardy Clauses of the Michigan and United States Constitutions do not preclude retrial of a defendant whose conviction is set aside because of any error in the proceedings leading to the conviction other than the insufficiency of the evidence to support the verdict (US Const, Am V; Const 1963, art 1, § 15).

4. CRIMINAL LAW — CONTROLLED SUBSTANCES — POSSESSION — POSSESSION WITH INTENT TO DELIVER — DOUBLE JEOPARDY.

The offense of possession of more than 650 grams of cocaine is a

necessarily included lesser offense of the offense of possession with intent to deliver more than 650 grams of cocaine; the offenses are distinct offenses for purposes of application of the principles of double jeopardy (MCL 333.7401[2][a][i], 333.7403[2][a][i]; MSA 14.15[7401][2][a][i], 14.15[7403][2][a][i]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Steinberg*), for the defendant on appeal.

Before: Cavanagh, P.J., and Connor and Bandstra, JJ.

Per Curiam. Defendant was charged with possession with intent to deliver more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). A jury convicted defendant of simple possession of more than 650 grams of cocaine, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i); however, the trial court set aside the jury verdict and granted defendant a new trial. The trial court subsequently held that retrial was barred by the constitutional prohibition regarding double jeopardy and dismissed the charge against defendant. The prosecution appeals as of right. We reverse.

At trial, the prosecution attempted to show that defendant had acted in concert with several others in the delivery of cocaine to undercover police officers. Anthony Valentine testified that defendant participated in conversations about purchasing the cocaine. Defendant accompanied Valentine, Rodney Edwards, Freddie Marshall, and David Crowl as they went to get cocaine from Ed-

wards' source. The source handed a box containing cocaine to defendant, who kept it in front of him as the group traveled to the meeting place. When the vehicle stopped several blocks from the site where the transaction with the undercover officers was to occur, defendant handed the box to Edwards, who in turn handed it to Valentine. Marshall, Crowl, and Valentine then left to make the sale.

The jury was instructed with regard to both possession with intent to deliver and simple possession of more than 650 grams of cocaine. When instructing the jury, the trial court described simple possession as a "less serious" offense. On September 27, 1990, the jury convicted defendant of possession of more than 650 grams of cocaine.

In an order dated October 22, 1990, the trial court, on its own motion, set aside the jury verdict and granted defendant a new trial. The court believed that it had erred in instructing the jury that simple possession is a "less serious" offense than possession with intent to deliver because both offenses carry the same penalty.[1] The court reasoned that if it had not instructed the jury that simple possession was a "less serious offense," the jury might well have acquitted defendant.

On November 30, 1990, the prosecution filed with this Court a delayed application for leave to appeal from the order granting a new trial and a motion for a stay of proceedings. This Court denied

---

[1] At that time, the penalty for both possession with intent to deliver more than 650 grams of cocaine and simple possession of more than 650 grams of cocaine was a mandatory sentence of life imprisonment without possibility of parole. However, the Supreme Court has since held that a mandatory life sentence without parole for simple possession of more than 650 grams of cocaine violates the constitutional prohibition of cruel or unusual punishment. Simple possession of more than 650 grams of a controlled substance is now a parolable offense. *People v Bullock*, 440 Mich 15, 37 & n 19; 485 NW2d 866 (1992).

the application and the motion in an order dated February 26, 1991. On May 3, 1991, the Supreme Court also denied the prosecutor's application for leave to appeal and motion for a stay of proceedings. *People v Torres,* 437 Mich 987 (1991).

In May 1991, defendant was retried on the charge of possession of more than 650 grams of cocaine. The trial ended in a hung jury.

A third trial was scheduled for October 2, 1991. However, before the trial date, defendant filed a motion to dismiss the charge against him on the basis that retrial was barred by the double jeopardy prohibition. In an order entered on February 21, 1992, the trial court granted defendant's motion to dismiss the charge. The trial court reasoned that possession with intent to deliver and simple possession are the same offense for double jeopardy purposes. Therefore, because the jury in the first trial acquitted defendant of possession with intent to deliver, defendant would have been acquitted outright if the jury had not been instructed on simple possession. The prosecutor filed an appeal as of right from the order dismissing the charge against defendant.

I

The prosecutor argues that the trial court erred in setting aside the jury verdict in the first trial and requests that this Court reinstate defendant's conviction. As a preliminary matter, we address the question whether the prosecutor may raise the issue of the trial court's October 22, 1990, order setting aside the jury verdict and granting defendant a new trial in this appeal as of right of the February 21, 1992, order dismissing the charge against defendant.

MCR 7.204(C)(1) requires that a party filing an

appeal as of right include with the claim of appeal a copy of the judgment or order from which the appeal is taken. In the present case, the prosecutor's claim of appeal refers only to the February 21, 1992, order dismissing all charges against defendant.

Appeals by the prosecution in criminal cases are allowed only in specific instances set forth in MCL 770.12; MSA 28.1109. The statute provides:

(1) The people of this state may take an appeal of right in a criminal case, if the protection against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from either of the following:

(a) A final judgment or final order of the circuit court or recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court.

(b) A final judgment or order of a court or tribunal from which appeal of right has been established by law.

(2) The people of this state may take an appeal by leave in a criminal case, if the protection against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from any of the following:

(a) A judgment or order of the circuit court or recorder's court which is not a final judgment appealable of right.

(b) A final judgment entered by the circuit court or the recorder's court on appeal from any other court.

(c) Any other judgment or order appealable by law or rule.

(d) A judgment or order when an appeal of right could have been taken but was not timely filed.

An order granting a new trial is a nonfinal, interlocutory order. *People v Pummer,* 399 Mich 326, 332; 249 NW2d 78 (1976), overruled in part on other grounds in *People v Cooke,* 419 Mich 420, 433; 355 NW2d 88 (1984).[2] Thus, under MCL 770.12; MSA 28.1109, the prosecution may appeal an order granting a new trial only by application for leave to appeal.

In his brief on appeal, the prosecutor did not specifically address this issue. However, in the trial court the prosecutor relied on *Dean v Tucker,* 182 Mich App 27, 30-31; 451 NW2d 571 (1990), for the proposition that an appeal from a final order may raise any issues related to other orders in the case. *Dean,* a civil case, involved an appeal from an order granting summary disposition wherein the plaintiff also sought to contest other rulings of the trial court. The *Dean* Court relied on *Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566, 589; 434 NW2d 433 (1988), which held that a party may claim an appeal as of right from an otherwise nonfinal order certified as a final order under MCR 2.604(A) following either the entry of the certified final order or the entry of the actual final order in the case.

However, in two more recent cases, this Court has held that the decision in *Comm'r of Ins* is unsupported by the language of MCR 7.204. *Adams v Perry Furniture Co (On Remand),* 198 Mich App 1, 8; 497 NW2d 514 (1993); *Klco v Dynamic Training Corp,* 192 Mich App 39, 41; 480 NW2d 596 (1991). Although both *Adams* and *Klco* were civil cases, in view of the statutory limits on

[2] MCL 770.12; MSA 28.1109 was amended after the Supreme Court's decision in *Pummer. Cooke* overruled *Pummer* to the extent that the latter was inconsistent with the revised statute. *Cooke, supra* at 429, 433.

appeals by prosecutors, we believe that a similar result is appropriate in the present case. Therefore, we hold that a prosecutor's appeal as of right from a final order in a criminal case does not allow appellate review of all previous orders issued in the case.

Our holding does not leave the prosecution without remedy in cases of egregious error, because the prosecution may always timely apply for leave to appeal nonfinal orders. In fact, in the present case the prosecution did seek leave to appeal the October 22, 1990, order granting defendant a new trial; however, its application was denied by both this Court and the Supreme Court. Moreover, defendant already has been retried pursuant to that order, although the jury was unable to reach a verdict. The prosecution has provided no authority under which it is entitled to seek leave to appeal a second time from that order.

Accordingly, the propriety of the trial court's order sua sponte setting aside the jury verdict and granting defendant a new trial is not properly before us, and we therefore decline to address the merits of the issue.

II

The prosecutor also argues that the trial court erred in dismissing the charge against defendant on the basis of the double jeopardy prohibition. This is a question of law that we review de novo on appeal. *People v Young,* 206 Mich App 144, 154; 521 NW2d 340 (1994).

Under the double jeopardy provisions of the federal and state constitutions, the state may not place a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. The purpose of both the federal and the state

protections against successive prosecutions for the same offense is to preserve the finality of judgments in criminal prosecutions and to protect the defendant from overreaching by the prosecutor. *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986); *People v Gonzalez,* 197 Mich App 385, 392-393; 496 NW2d 312 (1992).

However, the Double Jeopardy Clause does not preclude retrial of a defendant whose conviction is set aside because of any error in the proceedings leading to conviction other than the insufficiency of the evidence to support the verdict. *People v Jones,* 203 Mich App 74, 79; 512 NW2d 26 (1993).

Defendant's conviction of possession of more than 650 grams of cocaine was set aside because the trial court feared that its instructions misled the jury. Because the error was not related to the sufficiency of the evidence, the double jeopardy prohibition does not bar retrial in this case. *Jones, supra.*

Furthermore, contrary to defendant's claim, retrial would not subject defendant to prosecution for an offense of which he already has been acquitted. Possession of cocaine and possession of cocaine with intent to deliver are distinct offenses. *People v Bullock,* 440 Mich 15, 37 & n 19; 485 NW2d 866 (1992). Possession of more than 650 grams of cocaine is a necessarily included lesser offense of possession with intent to deliver that amount of cocaine. *People v Gridiron (On Rehearing),* 190 Mich App 366, 369; 475 NW2d 879 (1991), modified with regard to remedy 439 Mich 880 (1991).

Defendant argues that the principles of double jeopardy bar any further prosecution because the jury at the first trial acquitted him of possession with intent to deliver cocaine, a charge based on the same factual theory of guilt. In support of this argument, defendant cites *Ashe v Swenson,* 397

US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970), and *Turner v Arkansas,* 407 US 366; 92 S Ct 2096; 32 L Ed 2d 798 (1972).

In *Ashe,* the Supreme Court reversed the defendant's conviction of the armed robbery of one of a group of poker players because the defendant previously had been acquitted of the armed robbery of another of the poker players. The Court held that the jury in the first trial had found by its verdict that the defendant was not one of the robbers. *Ashe, supra* at 445. Similarly, in *Turner,* the Court held that the double jeopardy prohibition barred retrial of the defendant on a charge of robbing the victim where he previously had been acquitted of felony murder with robbery as the underlying felony. The Court reasoned that the jury had found that the defendant was not present at the scene of the murder and robbery. *Turner, supra* at 369.

However, the facts of this case do not present a similar double jeopardy violation. Evidence presented at the first trial indicated that defendant held the cocaine while traveling in the car with Valentine, Marshall, and Crowl, but that defendant was not present when those three delivered the cocaine to the undercover officer. A jury in the present case rationally could find that defendant possessed the cocaine, but that he did not have the intent to deliver it. Thus, the fact that defendant was acquitted of the charge of possession with intent to deliver cocaine does not bar a retrial on the charge of simple possession of cocaine.

Reversed.